## Snow, *et al.*, *v.* Grace.

MEASURE OF DAMAGES. Where the plaintiff, in his *declaration* and in his *affidavit* for the attachment, sets up a claim for one amount, but in the "*ad damnum*" clause of the declaration claims damages for a much larger amount, he can recover upon a writ of inquiry, after default, only the former amount with interest.

A plaintiff can only recover according to his allegations.

EXEMPLARY DAMAGES. In an action *ex contractu*, by attachment, for goods sold and delivered, the plaintiff is not entitled to exemplary damages.

WAIVER OF SERVICE. A *mere entry* in the record that a cause was "continued by consent of parties," where one of several defendants had been duly served, does *not constitute a waiver of service*, and confer jurisdiction, as to defendants who were not served.

### *Error to Jefferson Circuit Court.*

Hon. WM. M. HARRISON, Circuit Judge.

YONLEY and GARLAND & NASH, for plaintiffs.

WATKINS & ROSE, for defendant.

WHYTOCK, Special Supreme Judge.

This cause comes here, by writ of error, from the Jefferson circuit court.

At the November term, 1865, of that court, the appellee, Grace, commenced an action, by attachment, against the appellants, William D. Snow, Josiah Snow, and James Ketchum, alleging in his affidavit, upon which the attachment was issued, that the appellants were non-residents, and indebted to him in the sum of twenty-five hundred dollars. The cause of action, set forth in the declaration, is for goods, wares and merchandize, sold by appellee to appellants, and the sum stated in it is for the same amount as that sworn to in the affidavit for the attachment.

At the foregoing term of that court the appellee, Grace, took judgment by default against all the defendants below, the appellants; and on inquiry, to assess damages, the jury returned a verdict for $10,000 damages. At the same term this judgment seems to have been set aside, on motion of the plaintiff, although the record before us does not expressly so state; and, on further motion of Grace, an order of publication was made against the defendants.

At the May term, 1866, of the circuit court, the cause was continued, to use the exact language of the record " by consent of parties."

At the November term, 1866, of the circuit court, the plaintiff, Grace, took judgment by default against all three defendants; and afterwards, at this term, this last judgment by default was set aside, on motion of the plaintiff, he having, apparently, failed to file his proof of publication previous to the default. Proof of publication was then filed, and judgment by default was immediately taken again, on motion of the plaintiff, against all these defendants. At the term last mentioned a jury was summoned in the cause, and assessed the plaintiff's damages at the sum of $10,000, and this verdict was entered against all three defendants. An execution, upon this judgment, was afterwards issued against the defendants, for the sum of $10,030, with interest on the same, at six per cent., from date of judgment.

The amount of the plaintiff's claim, stated in the attachment, as appears from the record, is for $2,500; and the sheriff's return shows that the writ was executed upon the property of the defendant, William D. Snow, only, and that the other defendants, Josiah Snow and James Ketchum, could not be found.

There are various errors assigned by the appellants in this cause. It is contended by them that the defendants, Josiah Snow and James Ketchum, were not before the court, and, consequently, the judgment rendered against them is erroneous, inasmuch as the court did not have jurisdiction of their persons or property; in short, that these two defendants had not

been served with process in the cause, and had not appeared, or had any property attached therein.

The first question to be disposed of is, does the assertion on the record, that the case was continued " by consent of parties," conclude the defendants, who were not served, and constitute, as to these two defendants, a waiver of service ? We are of opinion that this language, being general, refers alone to the parties then actually before the court, and includes only the plaintiff and the defendant, William D. Snow, who only had property attached, and who had been properly summoned. *Clemson & Waters v. President and Directors State Bank*, 1 *Scam.*, 45 ; *Moore v. Parker*, 3 *Littell*, 268 ; *Gardner v. Hall*, *et al.*, 29 *Ill.*, 277.

The next question we will consider is, whether the amount of the plaintiff's claim, as sworn to and described in the affidavit upon which the attachment is based, and which is likewise the sum alleged in the declaration as the amount of the plaintiff's cause of action, should control as to the amount of the recovery in the action ? Is the plaintiff, in other words, confined, in his recovery of judgment, to the sum of $2,500, adding the usual and proper rate of interest ? As we have already seen, that is the sum sworn to, and the amount alleged in the declaration, for which the defendants are indebted to the plaintiff; but, in the *ad damnum* clause of the declaration, the plaintiff formally claims damages to the amount of $30,000.

We are of the opinion that the plaintiff was bound by the allegations in his declaration, and, having charged the indebtedness of the defendants to him at the sum of twenty-five hundred dollars, he was restricted in his recovery to that sum, including in addition, of course, the proper and reasonable rate of interest on that amount. And this, upon the familiar rule that a plaintiff can only recover according to his allegations. It is not only clear that the plaintiff was bound by the averments in his declaration, as to the amount and value of his cause of action, and the indebtedness of the

defendants, but it is equally clear that the sum sworn to, in his affidavit for the attachment, must govern the amount of his judgment. To this he can add, as we have before said, the interest, if the debt is such as draws interest. *Henrie v. Swea-sey, admr.*, 5 *Blackf.*, 273 ; *Heard & Co. v. Lowra*, 5 *Ark.*, 522; *Gilligan v. The New York and Harlem Railroad Company*, 1 *E. D. Smith*, 453.

Upon this claim or indebtedness of $2,500, the jury assessed the damages and returned a verdict for $10,000. This being an action of assumpsit for goods sold, an ordinary suit on a contract, where the claim is defined, and the damages recoverable upon it, readily computed, we are unable to ascertain, even by the utmost stretch of the imagination, on what grounds, or upon what principle, the jury could return such an extensive verdict. They certainly could not, in this action, visit the defendants with exemplary or vindictive damages, and the plaintiff did not allege any cause of special damages in his declaration.

In actions for wrongs in a proper case, and upon a sufficient showing, juries are authorized to inflict exemplary or punitive damages, or what are commonly called damages by way of " smart money ;" but we are not aware that this principle extends to actions *ex contractu*. The judgment in this cause is for four times the amount of the claim, and we think is excessive and unwarranted.

Indeed, with reference to the amount of the judgment, we may remark that the plaintiff below could doubtless have remitted the excess, but the record having been made up, and judgment taken for such an exorbitant amount, it is manifestly erroneous. *Dox and Mercer v. Dey*, 3 *Wend.*, 356; *McIntire v. Clark & Morris, admr's.*, 7 *Wend.*, 330.

For the errors we have mentioned, the counsel who conducted the cause in the circuit court is probably responsible, as the whole case discloses; for, upon the default thus taken, they apparently, and not unnaturally, escaped the attention of the court.

The judgment being entire, and against all the defendants, the same is reversed and the cause remanded.