Kerry OLSON *v.* Ramona RIDDLE

83-110                                      659 S.W.2d 759

Supreme Court of Arkansas
Opinion delivered November 7, 1983

*Bullock, Hardin & McCormick,* for appellant.

*Mobley & Smith,* by: *William F. Smith,* for appellee.

STEELE HAYS, Justice. Ramona Riddle filed this suit to recover unpaid rent from Kerry Olson under a six-month lease of her Russellville home. She claimed additional damages as the result of deliberate destruction of the dwelling and was permitted to amend her complaint just before trial to seek punitive damages. The jury fixed her loss at $630 for unpaid rent, $2,600 for property damage and $2,500 for punitive damages. On appeal we affirm.

Kerry Olson asserts there was error in permitting an amendment to the complaint two days before trial seeking punitive damages. We disagree. ARCP Rule 15 permits a party to amend his pleadings at any time without leave of court, although the amendment is subject to being stricken if prejudice or undue delay would result. Evidently the trial court found neither prejudice nor delay would be caused by the amendment and we find no merit in appellant's argument.

Next, Olson contends it was wrong to allow testimony that marijuana was found on the premises. We find no reversible error. There was substantial testimony, barely refuted, that the Riddle dwelling was in excellent condition at the time Olson rented it; that during his occupancy there

were loud drinking parties lasting into the morning hours; that screens were torn off the windows and bent; that holes were knocked in most of the doors and walls, carpet ripped up, a new stove and dishwasher were damaged; that drapes and wallpaper had been pulled down and garbage and refuse had been thrown into the air vents; that filth and discarded articles were left behind and, in short, the house was a shambles. Two witnesses identified evidences of marijuana.

Olson argues the references to marijuana were improper and prejudicial. No doubt they were, and while it is not clear for what purpose this evidence was received, the trial court has discretion in ruling on the relevance of evidence and we will not reverse in the absence of an abuse of discretion. *Hamblin* v. *State*, 268 Ark. 497, 597 S.W.2d 589 (1980). Where willful abuse of another's property is alleged, that issue encompasses wantonness, and it is of common experience that the use of drugs and alcohol often manifests itself in the misuse of property. Kerry Olson admitted knowledge that marijuana was in the house and acknowledged telling Ramona Riddle that the damage was caused by his inability to control his friends: "They came in droves ... everybody would get to drinking and would get wild, and I wasn't man enough to ask them to leave." We find no abuse of discretion under the circumstances of this case.

The final argument is that evidence of willful intent was insufficient to submit the issue of punitive damages to the jury. We disagree. The gist of the argument is there was no evidence that Olson had any malicious intent to damage the property. But malice is not dependent on explicit proof, it may be inferred from a conscious indifference to attendant circumstances. This has long been the rule in Arkansas. *St. Louis, Iron Mountain and Southern Railway Co.* v. *Dysart*, 89 Ark. 261 (1909).

Here, aside from the overall abuse of the dwelling, the jury could have found specific malice in the fact that a ventilated grill was removed to permit the deposit of refuse, including garbage, in an air conditioning duct and the grill then replaced — which could only have been done deliberately.

If for no other reason, the submission of the punitive issue was justified by the frank admissions of Kerry Olson, of which the following is only a part:

Q. And, you admit that three doors had holes punched in them, not by you but by your friends?

A. That is true.

Q. Were those holes in those doors punched in there deliberately?

A. Well, I had a Christmas party with a few couples coming over . . .

Q. Just answer my question.

A. Okay. They weren't done by me but by some of my friends.

Q. Was it done intentionally or was it accidental?

A. Okay. It would be an accident because what they did — after my friends had been drinking, they started throwing lemons.

Q. Started what?

A. Lemons.

Q. Throwing lemons in the house?

A. Lemons. This was after everybody got wild.

Q. Lemons?

A. Lemons. You do — they were drinking tequila —

Q. Yeah.

A. — and in order to drink tequila you've got to have a little shot bottle and a lemon that you pop on there and

then you swallow it, but after a few of my friends had had a few of those, they started getting full lemons and throwing them at people. Some people ducked and it hit the door. That's how this happened.[1]

It hardly need be said that it is immaterial whether the damage to appellee's property was directly attributable to Kerry Olson, or to the misconduct of his friends, in which he acquiesced, it is chargeable under the circumstances to him, and the trial court was fully justified in submitting that issue to the jury.

The fact that some of the damage may have been the result of abusive mischief, rather than intentional malice, does not render it conscionable under the law if the tolerated conduct is such as would "naturally and probably result in injury" and was continued in "reckless disregard of the consequences." See AMI 2217. Corpus Juris Secundum expresses the rule thus:

> Ill will, spite, or hostility toward the person injured is not a necessary ingredient of legal malice; it is sufficient that the act be committed under circumstances of general wantonness and outrage or recklessness, even though the spirit in which the act is done is one of wanton sport or mischief merely, or only in an intent to annoy, harass, and tease. 25 C.J.S. p. 1143 § 123.4.

The judgment is affirmed.

PURTLE and DUDLEY, JJ., dissent.

ROBERT H. DUDLEY, Justice, dissenting. The fundamental duty of an appellate court is to insure that a fair trial is held. Because of two prejudicial errors, the trial under review was unfair. I would reverse and remand for a new trial.

The appellee, plaintiff below, filed suit for arrearages in rent and damages to the rental property. The issues were

---

[1]Record, p. 205.

whether the appellant had paid his rent and whether he had damaged the rental property. There were no other issues. Yet, the appellee was allowed to call a chemist to testify that a substance found at the rental property was marijuana. The testimony of the chemist did not tend to make the existence of any fact at issue more probable or less probable. It was not relevant evidence. Unif. R. Evid. 401, Ark. Stat. Ann. § 28-1001 (Repl. 1979). The evidence, not relevant, was not admissible. Unif. R. Evid. 402. Appellee's sole purpose in calling the chemist was to unfairly prejudice the jury against the appellant.

A second error was the award of punitive damages. The majority opinion does not state whether affirmance of punitive damages is based on the theory of contract or on the theory of tort.

For more than a century we have held that punitive damages are not ordinarily recoverable for breach of contract. *Snow* v. *Grace*, 25 Ark. 570 (1869); *McClellan* v. *Brown*, 276 Ark. 28, 632 S.W.2d 406 (1982). The exception is where there is a willful or malicious act in connection with a contract. *See Curtis* v. *Partain*, 272 Ark. 400, 614 S.W.2d 671 (1981). The evidence, which is set out in the majority opinion, does not show any affirmative act by the appellant; instead, it proves a failure to act. A failure to act will not support an award of punitive damages in a contract action. *McClellan* v. *Brown, supra.* Therefore, the punitive damages cannot be affirmed on the theory of contract.

Correspondingly, appellant's breach of his rental contract should not be treated as a tort. In *Findley* v. *Time Ins. Co.*, 264 Ark. 647, 573 S.W.2d 908 (1978), we stated:

> Prosser has pointed out that an action in tort cannot ordinarily be based upon a breach of contract which amounts to mere nonfeasance, which means not doing the thing at all, as distinguished from misfeasance, which means doing it improperly. "Much scorn has been poured on the distinction, but it does draw a valid line between the complete non-performance of a promise, which in the ordinary case is a breach of

contract only, and a defective performance, which may also be a matter of tort." Prosser, Torts, § 92 (4th ed., 1971). We recently applied that very distinction, citing Prosser, in *Morrow* v. *First Nat. Bank of Hot Springs,* 261 Ark. 568, 550 S.W.2d 429 (1977).

The lack of affirmative action by a defendant does not always prevent an award of punitive damages. There can be vicarious liability for punitive damages. The general rule is set out in 58 Am.Jur.2d § 458 as follows:

> Generally, where there is an attempt to hold one person civilly liable for the negligence of another, it must be made to appear that the relation of principal and agent or master and servant existed between the two at the time the tort was committed, and that the tortious act was committed in the course of employment or within the scope of the agency, or that the person sought to be held responsible was engaged in a joint venture or enterprise with the one who was negligent.

We have held that an award of punitive damages would be justified against an employer railroad for the acts of its servants if the jury found that "the tort or wrong of the servant . . . was in the line of his employment, and was willful, wanton, or malicious." *St. Louis, I.M. & S. Ry. Co.* v. *Wilson,* 70 Ark. 136, 144, 66 S.W. 661 (1905).

The rule has changed little over the years. In *Ray Dodge, Inc.* v. *Moore,* 251 Ark. 1036, 479 S.W.2d 518 (1982), we held that "a corporation may be held liable for exemplary or punitive damages for such acts of its agents or servants acting within the scope of their employment as would, if done by an individual acting for himself, render him liable for such damages." *Id.* at 1044.

However, we adopted a different rule when the principal is an individual. In *Foster* v. *Pitts,* 63 Ark. 387, 38 S.W. 1114 (1897), we held that an individual principal is not liable for punitive damages "unless it appears that he aided, adopted, or ratified the malicious act of the agent with full knowledge of the facts." *Id.* at 393. Here, the appellant did

not aid in, nor adopt, nor ratify the damage done by his guests. He should not be liable for punitive damages. I would reverse and remand for a new trial.

I am authorized to state that Mr. Justice PURTLE joins in this dissent.