**DELTA RICE MILL, INC., Plaintiff,**

v.

**GENERAL FOODS CORPORATION, Defendant.**

**No. J–C–83–57.**

United States District Court,
E.D. Arkansas,
Jonesboro Division.

April 20, 1984.

Bill Bristow, Dennis Zolper, Jonesboro, Ark., and Herbert C. Rule, III, Thomas P. Thrash, Rose Law Firm, Little Rock, Ark., for plaintiff.

J.C. Deacon, Stephen M. Reasoner, Barrett, Wheatley, Smith & Deacon, Jonesboro, Ark., for defendant.

## ORDER

GEORGE HOWARD, Jr., District Judge.

This cause came on to be heard on defendant's motion to set aside the verdict[1] and judgment for plaintiff and to order judgment for defendant in accordance with the previous motion for directed verdict, and in the alternative for a new trial, and the Court having heard the argument of counsel, and being fully advised, makes the following rulings:

### COUNT I

After carefully considering the evidence in a light most favorable to plaintiff, the verdict of the jury in favor of plaintiff as to Count I, breach of contract claim, the Court is persuaded that the evidence substantially supports the jury's verdict.

Relative to defendant's request for a new trial as to Count I, the Court is persuaded that defendant has not been denied substantial justice and a new trial would essentially constitute relitigation of the issues.

Accordingly, the verdict of the jury as to Count I and the judgment entered thereon in favor of plaintiff is sustained.

### COUNT II

### (BAD FAITH CLAIM AND PUNITIVE DAMAGES)

A. BAD FAITH:

■ The Arkansas Supreme Court has recognized, albeit tacitly, in the area of insurance contracts that "bad faith" is an actionable tort. *Findley v. Times Ins. Co.*, 264 Ark. 647, 573 S.W.2d 908 (1978); *Members Mutual Ins. Co. v. Blissett*, 254 Ark. 211, 492 S.W.2d 429; *M.B.M. Co., Inc. v. Counce*, 268 Ark. 269, 596 S.W.2d 681; *Aetna Casualty and Surety Company v. Broadway Arms Corporation*, 281 Ark. 128, 664 S.W.2d 463 (1983). Whether this doctrine will be extended beyond insurance transactions and be applied in commercial transactions such as we have in the instant case is not clear. However, the Arkansas Supreme Court in *Givens v. Hixson*, 275 Ark. 370, 631 S.W.2d 263 (1982) involving an alleged claim for breach of contract made the following relevant comment:

> The new and still developing tort of outrage is not easily established. It requires clear-cut proof. 'Liability has been found only ... where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.' ... Merely describing conduct as outrageous does not make it so.

In *Broadway Arms, supra*, the Arkansas Supreme Court stated:

> [I]n order to be successful a claim based on the tort of bad faith must include affirmative misconduct ... without a good faith defense, and the misconduct must be dishonest, malicious, or oppressive in an attempt to avoid liability.... Such a claim cannot be based upon good faith denial, offers to compromise a claim

---

1. The jury's verdict for breach of contract was $314,448.10, $22,000.00 on Count II of plaintiff's

bad faith claim and $731,000 for punitive damages.

or for other honest errors of judgment.... Neither can this type of claim be based upon negligence or bad judgment so the insurer is acting in good faith.... [I]n an action of this type for tort, actual malice is the state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge. Actual malice may be inferred from conduct and surrounding circumstances.

The crucial question confronting the Court in resolving defendant's motion for J.N.O.V. is whether the evidence in this record is sufficient to show an affirmative act or acts on the part of General Foods, Inc. to establish intentional dishonest, malicious or oppressive conduct to avoid its liability to Delta Rice. Stated differently, was the evidence sufficient to raise a jury question on plaintiff's claim of "bad faith" —whether there is substantial evidence on which the jury could probably find a verdict for plaintiff. *See, Savage v. Christian Hospital Northwest,* 543 F.2d 44 (8th Cir. 1976).

After carefully reviewing the evidence and all reasonable inferences flowing therefrom and viewed in a light most favorable to plaintiff, without weighing the credibility of witnesses, the Court is persuaded that the evidence points so strongly in favor of General Foods, Inc., that reasonable persons could not decide differently. *Brown v. Missouri Pacific Railroad,* 703 F.2d 1050 (8th Cir.1983); *Compton v. United States,* 377 F.2d 408 (8th Cir.1967).

The following is a summary of the conduct of defendant that plaintiff contends is supportive of its argument that defendant's action was dishonest, malicious, oppressive and without good faith:

1. Existing economic conditions required a reduction in defendant's rice requirements, but despite its reduced needs, defendant ordered plaintiff to ship the remaining nine cars in mid January, 1983.

2. Assuming the rice shipped by plaintiff was defective, as claimed by defendant, defendant did not disclose or assert that claim until it had held or possessed the rice for approximately three to four weeks. Moreover, defendant, in early February stated that it was rejecting the rice; then two weeks later defendant said the rice was on "hold."

3. Defendant made repeated inspections of the rice by means contrary to its own policies.

4. Defendant's use of one of the cars of rice without paying for it at a time that defendant knew that plaintiff was in the midst of financial difficulties.

While the Court is persuaded that defendant's conduct is indicative of negligence and poor judgment, the Court is not persuaded that the conduct meets the standard required by Arkansas in order to assert a claim of bad faith, namely, an affirmative act of intentional dishonest, malicious, or oppressive conduct designed to avoid its liability.

It must be remembered that the existing relationship between Delta and General Foods was a commercial transaction where both parties were bargaining at arms length as opposed to a relationship imposing some degree of trust or confidence in one party because of its superior position.

Moreover, clause 7.1 in the written contract between the parties afforded General Foods the right to inspect Delta's rice upon arrival at General Foods' Dover facility. The inspection gave General Foods a good faith basis to believe that the rice did not conform to the requirements under the contract.

### B. PUNITIVE DAMAGES:

█ The Arkansas Supreme Court has held that punitive damages are not ordinarily recoverable for breach of contract. *Snow v. Grace,* 25 Ark. 570 (1869); *McClellan v. Brown,* 276 Ark. 28, 632 S.W.2d 406 (1982). However, the exception to this rule is where the evidence demonstrates there is willful or malicious conduct in relation to the contract. *Curtis v. Partain,* 272 Ark. 400, 614 S.W.2d 671.

In *Olson v. Riddle*, 280 Ark. 535, 659 S.W.2d 759, the Arkansas Supreme Court observed in an action where plaintiff claimed arrearages in rent and damages to the rental property where the recovery of punitive damages was sustained:

> [I]t is sufficient that the act be committed under circumstances of general wantonness and outrage or recklessness, even though the spirit in which the act is done is one of wanton sport or mischief merely, or only in an interest to annoy, harass, and tease.

■ The Court is not convinced, after considering the evidence and all inferences in a light favorable to plaintiff and assuming that the jury resolve all conflicts in the evidence in favor of the plaintiff, that reasonable jurors could differ as to the conclusion that could be drawn from the evidence pertaining to Delta's claim for punitive damages. While General Foods' conduct may constitute neglect and the exercise of poor judgment, the Court feels that the evidence falls far short of constituting willfulness, wantonness, malice or conscious indifference to the interest of Delta.

Accordingly, it is ordered that the verdict of the jury and the judgment entered thereon in favor of Delta on Count II and for punitive damages be set aside and that judgment be entered for dismissal of these claims.

In summary, the Court holds, in considering the evidence in the light most favorable to plaintiff, the evidence does not substantially support the jury's verdict for plaintiff on the claims of bad faith and punitive damages.

### III.

### MOTION FOR NEW TRIAL AS TO COUNT II AND CLAIM FOR PUNITIVE DAMAGES

That defendant's motion for a new trial be granted as to Count II and the claim for punitive damages on the ground the verdict is against the clear weight of the evidence, however, this ruling is to take effect only if the ruling of the Court on defendant's motion for judgment as to Count II and punitive damages is reversed on appeal.

IT IS SO ORDERED.