Tom CURTIS et al *v.* Honorable David PARTAIN,
Circuit Judge

80-293                                         614 S.W. 2d 671

Supreme Court of Arkansas
Opinion delivered May 4, 1981

*Bethell, Callaway & Robertson,* by: *Donald P. Calla-way,* for petitioners. ·

*Shaw & Ledbetter,* for respondent.

DARRELL HICKMAN, Justice. We are asked to prohibit the Sebastian County Circuit Court from enforcing a pretrial order requiring Tom Curtis to disclose his latest financial statement and his federal tax returns for the past three years. We grant the writ only because we deem the matter to be of first impression and of general interest to all trial courts.

Larry Carter and several other individuals sued Tom Curtis, August Khilling, George Pollan, and Ather Dorse, who were officers, directors and stockholders of Consolidated Builders, Inc., a bankrupt construction company. The complaint alleged that a construction contract was made with Consolidated and $61,625.00 was paid on that contract, of which only some $5,300.00 was used by Consolidated to pay materialmen, suppliers, and laborers; the rest was diverted and used by the stockholders and officers in connection with the construction of buildings owned by the officers and in payment of unrelated corporation expenses. The complaint alleged a fraudulent scheme which resulted in unjust enrichment. In addition to asking for judgment for the $56,000.00 contract damages, the complaint asked for $100,000 in punitive damages against all four officers, jointly and severally.

Motions were filed asking that all four officers produce their financial statements and tax returns. On the advice of counsel Tom Curtis refused, and on this refusal the issues focus. The complaint was amended to ask for punitive damages against Tom Curtis only, dropping that claim

against the other three officers. The only additional allegation of wrongdoing against Curtis was that he used the contract money to build tennis courts on his private property "as well as other projects." All other allegations remained. The sole reason given for needing the tax records and financial statement was to use the information in connection with the claim for punitive damages.

Curtis resisted the motion to produce his financial records for four reasons: The complaint did not state a cause of action for punitive damages; a prima facie case for punitive damages must be made before a defendant can be ordered to disclose personal financial information; by electing to sue only one of several defendants for punitive damages, the claim for such damages is waived; and, Curtis's tax records are privileged and are not evidence of financial worth.

The trial judge deemed the complaint sufficient, found that the claim for punitive damages was not waived since only one, not all defendants were being sued for punitive damages, and the evidence was relevant to Curtis's financial worth. The judge found the request for information was too broad and only ordered Curtis to produce his latest financial statement and his last three years' tax returns. The court also entered a protective order prohibiting the information from being used for any purpose other than in this suit. No mention was made in the court's order of the necessity for a prima facie showing of proof in order to receive punitive damages.

Curtis brings this action asking for a writ of prohibition. The four questions presented to us are the following: Is a writ of prohibition proper in this case? Have the claimants made a proper claim for punitive damages? Have the claimants waived their claim for punitive damages by seeking to prove those damages against only one defendant? and, Are tax returns relevant evidence of financial worth?

Ordinarily we would not issue a writ of prohibition in such a case. Such a writ is discretionary and is most often used when the trial court has no jurisdiction, has clearly

exceeded its authority, or there are no disputed facts and the writ is clearly warranted. *Webb* v. *Harrison*, 261 Ark. 279, 547 S.W. 2d 748 (1977). Here, the court's order was essentially a pretrial discovery order, discretionary, and within our rules. See *Ark. R. Civ. P.* 26 (b)(1). However, this case involves issues that ought to be resolved for the benefit of the trial courts and presents questions of first impression. Therefore, we grant the writ which will prohibit the trial court from enforcing the order unless the parties amend their pleadings and a hearing is held.

The California Supreme Court has used this procedure to review interim orders in discovery matters which ordinarily would not be reviewed until after the case was tried and was appealed. *Oceanside Union School District* v. *Superior Court*, 23 Cal. Rptr. 375, 373 P. 2d 439 (1962). We deem such a procedure proper in extraordinary cases. Once the trial court acts again in this case pursuant to our instructions, no appeal will lie from that order.

The complaint does not state a cause of action for punitive damages. It simply alleges that the plaintiffs were defrauded and the four officers diverted contract money to their personal benefit. There is no allegation of willful or malicious conduct on the part of these four officers. Generally punitive damages are not recoverable in actions for breach of contract. *Deming* v. *Buckley's Art Gallery*, 196 F. Supp. 246 (1961). That is the rule in most jurisdictions and there are few exceptions. See 5 *Corbin on Contracts* 438 (1964); 11 *Williston on Contracts* 210 (3d ed. 1968). To support a claim for punitive damages there would have to be a willful or malicious act in connection with a contract. A bare allegation of fraud which results in a monetary loss would not justify punitive damages and that is essentially what the complaint alleges in this case.

In order to be fair to the parties and the trial court it is necessary that we answer the other issues that are presented. What if a proper allegation is made against Curtis upon which a claim for punitive damages could rest? In that event, would the complainants have to make a prima facie case showing a cause of action for punitive damages before

Curtis could be required to provide personal financial records? Curtis argues that such a hearing would be required, citing as authority *City National Bank* v. *Wofford*, 189 Ark. 914, 75 S.W. 2d 666 (1934). *Wofford* is not controlling because it was decided before the Rules of Civil Procedure and is not directly on point. However, *Wofford* does provide some guidance. In that case the bank was ordered to open its books to inspection without any necessity being shown as to which books or records were needed. We entered a writ of prohibition and ordered that evidence would have to be produced establishing the allegations of the complaint before such a general order should be permitted. That is still a sound principle. It does not appear that Curtis specifically asked for a hearing although he argued that the order should not be entered because a prima facie case had not been made. The court did not address this matter in its order. Carter and the other plaintiffs argued that they should not be required to make a prima facie case because that would mean that they would have to try their case prior to the trial. They also argued that the Rules of Civil Procedure permit such pretrial discovery. No doubt our rules were designed to improve and expedite trials, but not at the expense of basic fundamental rights. A claim for punitive damages is a serious matter; private tax records and personal financial data should not be made readily available unless clearly relevant. In this case the only reason that the information was sought was for the purpose of showing the jury Curtis's financial worth so that punitive damages could be justified. It was not argued that the information was needed to prove the funds were fraudulently diverted. A prima facie case will have to be made before the court orders production of the requested records.

The most difficult question for us is the claim that punitive damages were waived because only Tom Curtis was sought to be punished. The law is well established that when punitive damages are sought against several defendants it is error to present the financial worth of only one of those defendants. *Washington Gas Light Company* v. *Lansden*, 172 U.S. 534 (1898); *Dunaway* v. *Troutt*, 232 Ark. 615, 339 S.W. 2d 613 (1960). The prejudice is obvious. One defendant is singled out as able to pay that which all ought to pay. No

doubt that one becomes the target for punishment for acts that are equally the fault of others.

The respondent argues that the *Lansden* case is distinguishable because in that case and all others following it *all* defendants were sued for punitive damages, and proof was given or offered as to only one. It is argued that, here, only Curtis is sued since the complaint was amended to drop the claim for punitive damages against the other three officers. We see the claim as virtually identical; all are claimed to have defrauded the plaintiffs by causing the plaintiffs' money to be diverted to petitioner's individual use. In Curtis's case the amended complaint only added the fact that Curtis caused tennis courts to be built on his property. That is not essentially different from the claims against the others. It is all a case of diversion. There is no claim that Curtis acted willfully or maliciously or indeed any different from the others. The claim is that all defendants joined in the scheme and personally benefited.

We conclude that the amendment is purely cosmetic. As it stands, only one of several persons is sought to be punished for wrongful conduct which is equally blamed on all four officers. Under these pleadings the plaintiffs have waived their claim for punitive damages.

The writ is entered prohibitng the trial court from enforcing the order as entered. We cannot anticipate the other actions that the parties or the trial court may take, but if the court acts in accordance with our opinion, the court's orders will not be subject to further review until an appeal is made.

Writ granted.

HOLT, J., not participating.