### Robert Steven OSGOOD and
### Anthony Gerald TEMPLE *v.* STATE of Arkansas

CR 85-45 and CR 85-46                    686 S.W.2d 442

### Supreme Court of Arkansas
### Opinion delivered April 1, 1985

*Hani W. Hashem,* for petitioner Robert Steven Osgood.

*R. Byrum Gibson, Jr.,* for petitioner Anthony Gerald Temple.

*Steve Clark,* Att'y Gen., by: *Theodore Holder,* Asst. Att'y Gen., for respondent.

PER CURIAM. Respondent's motion to reconsider issuance of temporary Writ of Prohibition is granted.

PURTLE and NEWBERN, JJ., dissent.

JOHN I. PURTLE, Justice, dissenting. I dissent from the action taken by the majority in granting the motion to reconsider. We did not grant a writ of prohibition but granted a stay until we could decide the issue of whether the present law declares possession of marijuana with intent to deliver to be a misdemeanor or a felony. In this dissent I will argue that a writ of prohibition is proper in this case. In reenacting Ark. Stat. Ann. § 82-2617(a)(1)(iv), the 1983 General Assembly apparently, or at least arguably, down-graded possession of marijuana to a misdemeanor. There is at least sound argument that the offense as stated is a misdemeanor. Temple and Osgood, as well as perhaps hundreds of others, contend the offense is a misdemeanor. They are charged with felonies.

I think we wisely granted the stay or prohibition pending briefing by the parties. In fact, the State more or less agreed to the continuance because the matter was of "great

public interest and importance." It was, and is indeed, a matter of great importance. In the event we finally hold the offense to be a misdemeanor we could, by staying prosecutions temporarily, save the state and counties large sums of money. Certainly a defendant is entitled to know whether he is charged with a misdemeanor or a felony. An accused facing a possible penalty of one year is certainly not in the position of one facing ten years. In all fairness one ought to know, before he is tried, the maximum sentence he could receive upon conviction. By granting a stay we would harm no one but by refusing to do so we are doing irreparable harm, if we decide the offense is a misdemeanor.

The writ of prohibition is truly an extraordinary writ and should not be issued without considerable thought and then only in unusual circumstances. In granting prohibition in *Curtis* v. *Partain, Judge,* 272 Ark. 400, 614 S.W.2d 671 (1981), we stated: "We grant the writ only because we deem the matter to be of first impression and of general interest to all trial courts." In *Curtis* we granted the writ to keep the trial judge from enforcing his own pre-trial order. Certainly a pre-trial order is one which may be appealed with the case in chief.

NEWBERN, J., joins in this dissent.