J. Shelby DUNCAN, M.D. *v.* The Honorable John W. COLE, Circuit Judge, Saline County Circuit Court

89-233                                    786 S.W.2d 587

Supreme Court of Arkansas
Opinion delivered April 2, 1990

*Friday, Eldredge & Clark*, by: *Laura A. Hensley, C. Tab Turner*, and *Guy Alton Wade*, for petitioner.

*Hamilton & Hicks*, by: *Charles R. Hicks* and *George R. Wise, Jr.*, for respondent.

*Wright, Lindsey & Jennings*, by: *James M. Moody*, for amicus curiae Arkansas Defense Association.

*Henry C. Kinslow*, for amicus curiae Arkansas Trial Law-

yers' Association.

*William R. Wilson, Jr.*, for amicus curiae McMath Firm; Mays & Crutcher; Blair & Stroud; Wilson, Engstrom, Corum & Dudley; Perroni, Rauls & Looney; and Barron & Barron, P.A.

ROBERT T. DAWSON, Special Chief Justice. The petitioner is the defendant in a medical malpractice action pending in Saline County. The plaintiff in that action filed a motion to prohibit ex-parte communications between the attorney for the petitioner and the treating physician based upon the physician-patient privilege of A.R.E. Rule 503. The petitioner contended below that any privilege that had existed was waived by the filing of the medical malpractice action. After a hearing, the trial court entered an order prohibiting any contact by the attorneys for the petitioner with the plaintiff's treating physicians without the attorneys for the plaintiff being present. The petitioner seeks a writ of prohibition which would prevent the enforcement of that order.

There is a division of authority among the states that have passed on the privilege issue. Before the privilege issue can be addressed, we must first determine whether a writ of prohibition is the appropriate manner by which to raise the issue. This issue has caused, and will continue to cause, difficulty. However, even though both sides would like an expression from this court concerning this issue, we cannot agree that the issuance of a writ of prohibition is appropriate and therefore, the writ must be denied.

A writ of prohibition is a discretionary matter and is only proper when the trial court has no jurisdiction over the person of the petitioner, is clearly warranted, and there are no disputed facts. *Webb* v. *Harrison*, 261 Ark. 279, 547 S.W.2d 748 (1977).

Both sides argue that this case involves an issue that should be resolved for the benefit of the trial courts and that it presents a question of first impression. The petitioner, however, relies on the fact that writ of prohibition was issued in *Curtis* v. *Partain*, 272 Ark. 400, 614 S.W.2d 671 (1981), which prohibited the trial court from enforcing a pre-trial discovery order which found that certain tax returns and other sensitive financial information was discoverable. However, in *Curtis*, the court made it clear that

irreparable damage would be done once the financial information was disclosed, even if the documents were later held to be inadmissible.

In this case there is no contention that the trial court lacks jurisdiction, but petitioner insists that the issue cannot be presented by appeal rather than by prohibition, except by defying the order of the trial court and conducting an ex-parte interview with the medical witness or witnesses, thereby risking a contempt citation. We agree that counsel is not obliged to come under the shadow of contempt proceedings, but we are not convinced that is the only option. In oral argument counsel maintained that if her only recourse is appeal, then she cannot explore the background with the witness, or probe beneath the surface of the factual setting, that there would be no interaction with the witness, no ability to determine why one course of treatment was pursued in preference to another or why a particular notation or entry was made, or omitted. In short, she asserts she would have lost the right to develop her case. But prohibition is an extraordinary writ, issued only in extraordinary circumstances, and it is dependent on more than conclusory assurance of need from an advocate.

We remain unconvinced that prohibition is the only adequate remedy, as all of the matters touched on seem susceptible to conventional discovery procedures, unless it is to be supposed the witness will provide factual information or professional viewpoints of a different sort in ex-parte consultation than when other counsel are present.

We regard the *Curtis* decision as unique in that the demonstration of irreparable harm was compelling. In this case it is not compelling. We conclude that prohibition is not the proper remedy.

Because of our holding, we find it unnecessary to decide the respondent's motion to strike petitioner's reply brief and supplemental appendix.

The writ of prohibition is accordingly denied.

Special Justice MURREY GRIDER joins in this opinion.

NEWBERN and GLAZE, JJ., concur.

HOLT, C.J., and TURNER and PRICE, JJ., not participating.

TOM GLAZE, Justice, concurring. I concur because the facts in issue here fail to support the issuance of a writ of prohibition. The majority, in my view, should complete its job and overrule *Curtis v. Partain*, 272 Ark, 400, 614 S.W.2d 671 (1981). It was *Curtis* that caused the parties in the present case to think a writ of prohibition could lie under the circumstances they describe. Until *Curtis*, however, the case law had been long settled that a writ of prohibition is never granted unless the inferior tribunal has clearly exceeded its authority, and the party applying for it has no other protection. *Jones v. Coffin*, 96 Ark. 332, 131 S.W. 873 (1910). Stated in different terms, the court has said that the office of writ of prohibition is to restrain an inferior tribunal from proceeding in a matter not within its jurisdiction; but it is never granted unless the inferior tribunal has clearly exceeded its authority and the party applying for it has no other protection against the wrong that shall be done by such usurpation. *Lowery v. Steel*, 215 Ark. 240, 219 S.W.2d 932 (1949); *Bassett v. Bourland*, 175 Ark. 271, 299 S.W. 13 (1927).

In *Curtis*, this court cited *Webb v. Harrison*, 261 Ark. 279, 547 S.W.2d 748 (1977), and then promptly misstated the law recited in *Webb* as it pertained to when writs of prohibition may be issued. In addition, the court then relied upon a California case to justify its decision to grant a writ of prohibition against the trial court, which clearly had jurisdiction of the parties and subject matter before it. The *Curtis* case merely involved a discovery matter and a trial court's pretrial order concerning discovery which this court, on appeal, believed should not be enforced. In simple terms, the *Curtis* decision broke with established law, and extended the reach of the office of writ of prohibition to include a matter never previously recognized by Arkansas law. In my opinion, this court erred in *Curtis*, and we should officially correct that error now.

NEWBERN, J., joins this concurrence.