Johnny RIDENHOWER *v.* Harold S. ERWIN,
Circuit Judge, Lawrence Circuit Court

90-92                                          799 S.W.2d 535

Supreme Court of Arkansas
Opinion delivered November 19, 1990

*Murrey L. Grider*, for petitioner.

*Huckaby, Munson, Rowlett and Tilley, P.A.*, by: *Beverly A. Rowlett*, for respondent.

STEELE HAYS, Justice. Johnny Ridenhower brings this original action for prohibition against Harold S. Erwin, Circuit Judge of Lawrence County. In pending litigation, Judge Erwin ordered Mr. Ridenhower to execute Internal Revenue Serve Form 4506 requesting copies of Ridenhower's federal income tax returns for the years 1983, 1984, 1985 and 1986. Johnny Ridenhower refused to execute the form and has petitioned this court for a writ of prohibition, which we deny.

Johnny Ridenhower is a plaintiff in a suit against State Farm Insurance Company to recover the proceeds of a fire insurance policy. State Farm defended on the basis of arson and requested copies of the plaintiff's federal and state income tax returns for years preceding the fire. Mr. Ridenhower contends he did not file returns for 1983 to 1986, inclusive, having received no reportable income for those years. Judge Erwin ordered Mr. Ridenhower to execute the appropriate form requesting copies of any such filings, prompting the action now before us.

Prohibition is an extraordinary writ and is never issued to prevent a trial court from erroneously exercising its jurisdiction, but only where it proposes to act in excess of its jurisdiction. *Abernathy* v. *Patterson*, 295 Ark. 551, 750 S.W.2d 406 (1988). Its issuance is discretionary in cases of pressing necessity; it should never be granted unless the petitioner is clearly entitled to relief. *Karraz* v. *Taylor*, 259 Ark. 699, 535 S.W.2d 840 (1976); *Harris Distributors, Inc.* v. *Marlin*, 220 Ark. 621, 249 S.W.2d 3 (1952).

Petitioner does not contend the trial court's jurisdiction is exceeded, only that the order will bring irreparable harm since the Internal Revenue Service would be "alerted and the potential for an audit is significant." He relies on *Curtis* v. *Partain*, 272 Ark. 400, 614 S.W.2d 671 (1981), where we granted a writ. There, the trial court had ordered Curtis, one of four defendants and the only defendant from whom punitive damages were sought, to furnish tax returns and financial statements. The sole basis for the plaintiffs' need for Curtis's returns and records was in connection with the claim for punitive damages. In granting Curtis's petition for a writ of prohibition, we noted that the complaint failed to state a cause of action for punitive damages and beyond that, that the plaintiffs had waived a claim for

punitive damages by seeking punitive damages against one defendant for alleged conduct for which all defendants would have been equally culpable.

We took the pains in *Curtis* to point out that ordinarily prohibition would not lie in such a case, but since it was a matter of first impression we would exercise our discretion by granting a writ for the benefit of the trial courts. It would be a mistake to read *Curtis* as a general precedent for the issuance of writs of prohibition in discovery disputes. We emphasized that position recently in *Duncan* v. *Cole*, 302 Ark. 60, 786 S.W.2d 587 (1990), by characterizing the *Curtis* decision as "unique" in that the financial records were not discoverable and irreparable harm was convincingly demonstrated. We do not equate this case with *Curtis* and, accordingly, the writ is denied.

Glaze, J., concurs. As I said in my concurring opinion in *Duncan* v. *Cole*, 302 Ark. 60, 786 S.W.2d 587 (1990), I would overrule the court's decision in *Curtis* v. *Partain*, 272 Ark. 400, 614 S.W.2d 671 (1981).

NEWBERN, J., joins in this concurrence.