FORREST CITY MACHINE WORKS, INC. *v.* Harold S. ERWIN, Circuit Judge and Jimmy Ray Lyons

90-252                                           802 S.W.2d 140

Supreme Court of Arkansas
Opinion delivered January 22, 1991

*David Hodges*, for appellant.

*Dick Jarboe*, for appellee.

ROBERT H. DUDLEY, Justice. This case is before us on a petition for writ of prohibition. Petitioner, Forrest City Machine

Works, Inc., and respondent Jimmy Ray Lyons were before this Court previously in *Lyons* v. *Forrest City Machine Works, Inc.*, 301 Ark. 559, 785 S.W.2d 220 (1990). In that case, we affirmed the trial court's dismissal of the complaint based upon invalid service of process. That opinion was handed down on March 19, 1990. On April 2, 1990, respondent Lyons filed the complaint which is involved in this case. Petitioner filed a motion to dismiss in which it argued that the action was barred by the applicable statute of limitations for product liability cases. The trial court denied the motion to dismiss. Petitioner then filed this petition asking us to prohibit the trial court from maintaining the action. We find that a writ of prohibition is not a proper remedy and, accordingly, the petition is denied.

Prohibition is an extraordinary and discretionary writ. The purpose of the writ is to prevent a court from exercising a power not authorized by law when there is no other adequate remedy available. *Wisconsin Brick & Block Corp.* v. *Cole*, 274 Ark. 121, 622 S.W.2d 192 (1981). Accordingly, prohibition is not a substitute for appeal, and would lie only where appeal would be inadequate. *Springdale School Dist.* v. *Jameson*, 274 Ark. 78, 621 S.W.2d 860 (1981). It is never issued to prohibit an inferior court from erroneously exercising jurisdiction, but rather where the lower court is wholly without jurisdiction, or is proposing or threatening to act in excess of its jurisdiction. *Jameson*, 274 Ark. at 80.

■ Here, petitioner has failed to establish that the trial court was without jurisdiction. Statutes of limitation constitute an affirmative defense, see ARCP Rule 8(c), but they are generally not jurisdictional. Those that are jurisdictional are tied to the right itself, and not just the remedy. See, e.g., *Vermeer Mfg. Co.* v. *Steel*, 263 Ark. 323, 564 S.W.2d 518 (1978) (limitation for wrongful death actions). Petitioner has not presented us with a case holding that the applicable statute of limitations for product liability cases is jurisdictional. Further, we know of no such case. Prohibition is not available as a remedy if the statute of limitation governing a particular proceeding is not jurisdictional, but may only be raised as an affirmative defense. *Arkansas State Hwy. Comm'n* v. *Munson*, 295 Ark. 447, 749 S.W.2d 317 (1988); 63A Am. Jur. 2d, *Prohibition*, § 57 (1984).

Petitioner does argue that in the case of *Curtis* v. *Partain*, 272 Ark. 400, 614 S.W.2d 671 (1981), we granted a writ of prohibition when the trial court had personal and subject matter jurisdiction, and we did not hold there was an inadequacy in the remedy of appeal. It asks us to do the same again. *Curtis* was an anomaly involving an issue of first impression which we resolved "for the benefit of the trial courts." It is doubtful that we will ever again follow the procedure in *Curtis*. We limit that case to its facts.

Accordingly, the petition is denied.

HOLT, C.J., NEWBERN and GLAZE, JJ., concur. See concurring opinion of Justice GLAZE in *Ridenhower* v. *Erwin*, 303 Ark. 647, 649, 799 S.W.2d 535, 536 (1990).