David A. LUPO, M.D. *v.* Hon. John LINEBERGER,
Circuit Judge

92-1168                                   855 S.W.2d 293

Supreme Court of Arkansas
Opinion delivered June 1, 1993

*Wright, Lindsey & Jennings*, for appellant.

*Peter A. Miller*, for appellee.

Jack Holt, Jr., Chief Justice. This is a petition for a writ of prohibition or writ of certiorari to prevent the Jefferson County Circuit Court, specifically the Honorable John Lineberger, sitting on special assignment, from ordering Dr. David A. Lupo to testify as a witness in a deposition in the matter of *William Rodgers, individually and as administrator of the Estate of Patricia Rodgers* v. *Dr. Robert Teryl Brooks*, No. 91-439-2-3. In response to the petition, we issued a temporary stay of all proceedings, including discovery, pending the submission of briefs on the main issue and the question of the propriety of a writ of certiorari. *See Lupo* v. *Lineberger*, 311 Ark. 80, 841 S.W.2d 158 (1992).

The parties have responded by submitting briefs on the appropriateness of both writs of prohibition and certiorari as well as on the main issue; however, we hold that the petitioner is not entitled to relief under either writ and deny his application in all particulars.

### WRIT OF PROHIBITION

In *Webb* v. *Harrison*, 261 Ark. 279, 547 S.W.2d 748 (1977), we reiterated our general position that a writ of prohibition is a discretionary writ and is only proper when the trial court

has no jurisdiction over the person of the petitioner, is clearly warranted, and there are no disputed facts. In *Curtis* v. *Partain*, 272 Ark. 400, 614 S.W.2d 671 (1981), where the court's order in question was essentially a pretrial discovery order, discretionary, and within our Rules of Civil Procedure, Ark. R. Civ. P. 26(b)(1), we cited *Webb* with approval. Yet we altered *Webb's* language somewhat and granted a writ of prohibition stating that such a procedure was proper in extraordinary cases. In support of our decision, we noted that the California Supreme Court had used writs of prohibition to review interim orders in discovery matters which ordinarily would not be reviewed until after the case was tried and appealed. *Ocean Side Union School District* v. *Superior Court*, 23 Cal. Rptr. 375, 373 P.2d 439 (1962).

In *Fore* v. *Circuit Court of Izard County*, 292 Ark. 13, 727 S.W.2d 840 (1987), we were confronted with a question of whether a writ of prohibition should issue. We correctly granted the writ as the trial court did not have jurisdiction over a workers' compensation matter, although this was not our holding. Instead, we utilized some rather loose language in declaring that the writ was warranted to prevent untold time and expense, as well as unnecessary grief to the parties. We should have simply said writs of prohibition lie when the court is without jurisdiction and has clearly exceeded its authority.

Later, in *Duncan* v. *Cole*, 302 Ark. 60, 786 S.W.2d 587 (1990), we concluded that a discovery order was not the proper subject for a writ of prohibition and commented further, "We regard the *Curtis* decision as unique in that the demonstration of irreparable harm was compelling." In a concurring opinion, Justices Glaze and Newbern agreed with the majority's results but made specific note "that the majority should have completed this job and overruled *Curtis.*" In *Ridenhower* v. *Erwin*, 303 Ark. 647, 799 S.W.2d 535 (1990) we declared, "it would be a mistake to read *Curtis* as a general precedent for the issuance of writs of prohibition in discovery disputes."

We also labored over the *Curtis* issue in *Forrest City Machine Works, Inc.* v. *Erwin*, 304 Ark. 321, 802 S.W.2d 140 (1991) and explained:

> Petitioner does argue that in the case of *Curtis* v. *Partain*, 272 Ark. 400, 614 S.W.2d 671 (1981), we granted a writ of

prohibition when the trial court had personal and subject matter jurisdiction, and we did not hold there was an inadequacy in the remedy of appeal. It asks us to do the same again. *Curtis* was an anomaly involving an issue of first impression which we resolved "for the benefit of the trial courts." It is doubtful that we will ever again follow the procedure in *Curtis*. We limit that case to its facts.

■ As we are confronted with *Curtis* once again, we take this opportunity to overrule *Curtis* and retreat from the over-reaching language in *Fore* to our earlier posture on writs of prohibition, as most recently stated in *Juvenile H. v. Crabtree*, 310 Ark. 208, 833 S.W.2d 766 (1992):

Prohibition will not lie unless the trial court is clearly without jurisdiction or has acted without authority and the petitioner is unquestionably entitled to such a relief. The purpose of the writ is to prevent a court from exercising a power not authorized by law when there is no other adequate remedy by appeal or otherwise. It is never issued to prohibit an inferior court from erroneously exercising its jurisdiction, but only where the inferior tribunal is wholly without jurisdiction, or is proposing or threatening to act in excess of its jurisdiction.

The taking of Dr. Lupo's deposition pursuant to Ark. R. Civ. P. 26(a) falls within our discovery procedures. In this regard our rules provide:

(a) Discovery Methods. Parties may obtain discovery by one or more of the following methods: depositions upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter upon land or other property, for inspection and other purposes; physical and mental examinations; and requests for admission. Unless the court orders otherwise under subdivision (c) of this rule, the frequency of use of these methods is not limited.

■ Since issues of discovery are squarely under the trial court's jurisdiction, it necessarily follows that a writ of prohibition is not the solution to this discovery problem. For this reason, Dr. Lupo's petition for writ of prohibition is denied.

## WRIT OF CERTIORARI

Nor is the issuance of a writ of certiorari appropriate under the factual circumstances of this case. Certiorari lies to correct proceedings erroneous on the face of the record where there is no other adequate remedy and is available to us in exercise of superintending control over a tribunal which is proceeding illegally where no other mode of review has been provided. *State v. Nelson and Barry Petroleum Co.*, 246 Ark. 210, 438 S.W.2d 33 (1969). *Sexton* v. *Supreme Court*, 297 Ark. 154A, 761 S.W.2d 602 (1988); *Bridges* v. *Arkansas Motor Coaches*, 256 Ark. 1054, 511 S.W.2d 651 (1974). However, certiorari may only be resorted to in cases where an excess of jurisdiction is apparent on the face of the record. *Nelson and Barry Petroleum Co., supra.* From our inspection of the trial court's proceedings, we do not see any irregularities for which there is no other adequate remedy which would require the issuance of a writ.

Under Ark. R. Civ. P. 26(a), a party has an absolute right to take a deposition. If the deponent is asked questions that are inappropriate or unreasonable, he has a right to refuse to answer the question and request a protective order from the trial court to prevent the deposer from asking further questions along that line. More particularly, Ark. R. Civ. P. 26(c) provides:

> (c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition after being sealed be opened only by order of the court; (7) that a trade secret or other confidential research, development, or other

> commercial information not be disclosed or be disclosed only in a designated way; (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

> If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any person or persons provide or permit discovery. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

Specifically, Ark. R. Civ. P. 26(c)(4) is available and has been available at all times as an adequate remedy to Dr. Lupo for matters that should not be inquired into. Granted, the trial court, through its written order and statements made in open court, gave the parties apparently inconsistent guidelines as to what it considered to be acceptable or unacceptable deposition questions; however, the giving of these guidelines or setting of these parameters does not preclude the taking of Lupo's deposition or take away from the trial court's jurisdiction to sit and pass judgment on each one of the issues raised during discovery. Dr. Lupo has the option to return to the trial court and ask for a protective order if he is asked a question during the deposition which he considers unacceptable. Ark. R. Civ. P. 26(c).

A writ of certiorari is a remedy to quash irregular proceedings "but only for errors apparent on the face of the record; not to look beyond the record to ascertain the actual merits of a controversy or to control discretion or to review of finding upon facts." (Citations omitted.) *Hardin, Comm'r of Revenues* v. *Norsworthy*, 204 Ark. 943, 165 S.W.2d 609 (1942). Under the circumstances and facts of this case, we find that there is no such patent error.

Since the petitions for writs of prohibition or certiorari do not properly lie, we do not address the main issues in controversy.

Petition denied.

HAYS, J., dissents.

STEELE HAYS, Justice, dissenting. I could agree with the majority if this were a discovery dispute between litigants. But petitioner is not a party and is without the recourse otherwise

available, a circumstance the majority ignores. Consequently he is confronted with the distasteful prospect of facing contempt charges for refusing to answer questions involving his opinions as a physician. That, I believe, provides the extraordinary circumstances appropriate to prohibition or certiorari.

Respondent insists he does not propose to obtain expert testimony from Dr. Lupo. "The crux of the case," he tells us, is that Dr. Lupo "is not being forced to provide expert testimony against his will. . . . He is merely another person who is being deposed because he has knowledge concerning matters involved in the case. [Respondent] is merely seeking to discover what that knowledge is." Respondent's brief, page 14.

That assurance is reenforced elsewhere:

> [Respondent] will concede that it would be error for Judge Lineberger to compel Dr. Lupo to testify as an expert against his will *at trial*. However, Judge Lineberger's order does not do this. It does not require Dr. Lupo to divulge any specialized knowledge to assist the trier of fact. A.R.E. 702. All it requires is that Dr. Lupo submit to a discovery deposition as an ordinary witness and answer questions based on his first-hand knowledge, experience and past statements. [Emphasis in original.]

*Id.* at 21.

Yet it is all too apparent from oral argument and respondent's brief that the "knowledge" respondent hopes to discover is essentially Dr. Lupo's professional judgment and opinion as to the appropriate standard of care for urologists in the community, whether certain medical texts are "learned treatises" in their field, and opinions he may have formed concerning the deceased patient not protected by the scope of peer review. But these are patently areas of expert testimony and not obtainable by compulsion. Ark. R. Evid. 706.

Nor can I see anything to be gained by overruling *Curtis* v. *Partain*, 272 Ark. 400, 614 S.W.2d 671 (1981). That decision, issued unanimously, was expressly for the guidance of the trial bench when privileged information is sought by discovery. We have made it clear the case is not to be read broadly for the issuance of writs of prohibition in discovery disputes. *Ridenhower*

v. *Erwin*, 303 Ark. 647, 799 S.W.2d 535 (1990). And we have said as to prohibition that *Curtis* v. *Partain* is "limited to its facts." *Forrest City Machine Works, Inc.* v. *Erwin*, 304 Ark. 321, 802 S.W.2d 140 (1991). Why not leave it at that. There are principles of law announced in that opinion "of general interest to all trial courts" that I believe are sound today. To overrule *Partain* needlessly undermines those pronouncements.