BOSWELL, TUCKER & BREWSTER *v.* The Honorable
Phillip SHIRRON

95-964 921 S.W.2d 580

Supreme Court of Arkansas
Opinion delivered April 29, 1996
[Petition for rehearing denied May 20, 1996.*]

---

*DUDLEY, J., not participating.

*Boswell, Tucker, Brewster & Hicks,* by: *Ted Boswell,* for petitioner.

*Winston Bryant,* Att'y Gen., by: *Patricia Van Ausdall,* Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Petitioner, the law firm of Boswell, Tucker & Brewster, filed this original action for a writ of prohibition against respondent, the Honorable Phillip Shirron of the Saline County Circuit Court. Respondent did not respond, and we requested briefs from both parties. *Boswell, Tucker & Brewster* v. *Shirron,* 322 Ark. 111, 906 S.W.2d 315 (1995) (per curiam). Petitioner seeks a writ prohibiting respondent from exercising "any further jurisdictional authority over any Boswell law firm case" and from "presiding as the judge over any Boswell law firm litigation." Jurisdiction of a petition for writ of prohibition is properly in this court pursuant to Ark. Sup. Ct. R. 1-2(a)(6).

On May 25, 1995, respondent entered the following order, which is quoted in its entirety:

IN THE SEVENTH CIRCUIT COURT OF GRANT,
HOT SPRING, AND SALINE COUNTIES,
ARKANSAS

*UNIFORM ORDER*

Comes The Honorable Phillip Shirron, to transfer all cases in which the law firm of Boswell, Tucker and Brewster represents any party, to the other divisions of the Seventh Circuit Courts.

IT IS SO ORDERED.

/s/ Phillip Shirron
The Honorable Phillip Shirron
Circuit Judge

Date 5/25/95

On June 2, 1995, respondent entered the following order, which we also quote in its entirety:

IN THE SEVENTH CIRCUIT COURT OF GRANT,
HOT SPRING, AND SALINE COUNTIES,
ARKANSAS

*UNIFORM ORDER*

Now, upon reconsideration of the Uniform Order entered by this Court on May 25, 1995, transferring all cases in which the law firm of Boswell, Tucker and Brewster represent any party to the other divisions of the 7th Circuit Courts, the Court finds that said Order should be and is hereby set aside and held for nought.

IT IS SO ORDERED.

/s/ Phillip Shirron
The Honorable Phillip Shirron
Circuit Judge

Date: 6/2/95

Petitioner asserts that, after entering the order on May 25, 1995, respondent lacked any further jurisdiction to act in any of petitioner's cases. Respondent argues that petitioner's attack is on the two orders themselves, not on the underlying subject-matter jurisdiction of the circuit court to enter such orders. Therefore,

argues respondent, prohibition is not appropriate in this case. Respondent argues further that prohibition is inappropriate because there is no record relative to the circumstances surrounding the issuance of either order. We agree with respondent's latter argument.

 A writ of prohibition is an extraordinary writ and is never issued to prevent a trial court from erroneously exercising its jurisdiction, but only where it proposes to act in excess of its jurisdiction. *Ridenhower* v. *Erwin*, 303 Ark. 647, 799 S.W.2d 535 (1990). Issuance of prohibition is discretionary in cases of pressing necessity and should never be granted unless the petitioner is clearly entitled to relief. *Id.* The record before us does not show that respondent is proposing to act in excess of its jurisdiction or that petitioner is clearly entitled to the relief it requests. Absent such proof, there is no basis upon which to grant the extraordinary relief requested in this case.

 Petitioner contends that the reason for the entry of the May 25 order was a recusal required by respondent's bias or prejudice against petitioner as counsel. Petitioner relies on *Matthews* v. *State*, 313 Ark. 327, 331, 854 S.W.2d 339, 341 (1993), wherein we acknowledged authority for the proposition that, "absent a statutory provision to the contrary, a determination of disqualification will not prevent a judge from reassuming full jurisdiction if the disqualification has been removed." Despite petitioner's strong suggestions to the contrary, the record does not reveal that the reason for the May 25 transfer order was respondent's disqualification; nor does the record reveal that any reason for the alleged disqualification exists. In this respect, we note that the affidavit attached to petitioner's brief is not part of the record or the supplemental record filed in this case. We do not consider the affidavit because we do not consider matters outside the record. *Craig* v. *Traylor*, 323 Ark. 363, 915 S.W.2d 257 (1996).

In summary, there is no record to demonstrate any reason for the transfer order, any alleged disqualification, or any continuing reason for any alleged disqualification. There is no identification of which cases, if any, were transferred to other divisions as a result of the May 25 order. Likewise, there is no indication that respondent has taken action in any specific case involving petitioner. Thus, the only issue before us is whether respondent exceeded his jurisdiction in entering the June 2 order. In the absence of a record showing a

reason for the transfer order or that any of petitioner's cases were transferred, we conclude that respondent did not act in excess of his jurisdiction in entering the June 2 order.

██ The record filed with this petition and the supplemental record do not demonstrate that respondent has acted or has proposed to act in excess of his jurisdiction. Likewise, the record does not show that there is a pressing necessity in this case or that the extraordinary remedy of a writ of prohibition is otherwise clearly warranted. Accordingly, the petition for writ of prohibition is denied.

BROWN and ROAF, JJ., dissent.

ROBERT L. BROWN, Justice, dissenting. The essential issue in this case is whether the circuit judge could, first, disqualify from all cases in which the Boswell Law Firm represented a party and, then, reconsider his order and revoke it. The Boswell firm urges that the circuit judge lost jurisdiction once he disqualified. The Attorney General, on behalf of the circuit judge, posits (1) that the circuit judge issued a transfer order and not an order of disqualification, and (2) that, in any case, disqualification is a discretionary matter with the trial judge for which prohibition does not lie. The majority concludes that the record does not support the fact that the circuit judge disqualified himself. I disagree. It is no exaggeration to say that the disqualification issue permeates every aspect of this case.

On this point, the majority believes that the circuit judge's affidavit and the petitioner's affidavit cannot be considered by this court because they are not part of the record. Again, I disagree. Clearly, the circuit judge's affidavit should be reviewed because that affidavit is part of the file in the Supreme Court Clerk's office. Indeed, the respondent attached the affidavit to his original response to the petition for prohibition. On October 9, 1995, this court issued a per curiam order requesting "a full record and recitation of the material facts." See Boswell v. Shirron, 322 Ark. 111, 906 S.W.2d 315 (1995). By happenstance, on that same date the Attorney General responded on behalf of the trial judge and attached to his filed response an affidavit of the respondent which read in part:

> I was surprised at Ted Boswell's suggestion that I had not appeared impartial to his law firm. Although the suggestion was unfair and totally without merit, my initial reaction was that if the Boswell Firm did not want me hearing cases in

which they were involved, I would not do so. I signed the proposed order and it was filed on May 25, 1995. A copy of the order is attached as Exhibit "1" to the Petition for Writ of Prohibition.

The Boswell firm then attached to its revised petition its own affidavit which discusses the trial judge's disqualification. It is also part of the file in this matter.

The respondent now asks in his revised brief that we not consider his affidavit. But this belated request should not be the basis for concluding that there is no proof of the circuit judge's disqualification before this court. I would look to the circuit judge's affidavit as evidence of an initial disqualification on his part. I would also consider the petitioner's affidavit filed in this matter with the revised petition. We asked for a recitation of material facts in our per curiam order and that is what the affidavits provide.

But regardless of the affidavits, the precise terms used in the circuit judge's first uniform order support the fact that he is disqualifying from all future Boswell firm cases. When a trial judge disqualifies from a case, it is common practice to *transfer* that case to another trial judge. *See, e.g., Bolden* v. *State*, 262 Ark. 718, 561 S.W.2d 281 (1978). That is precisely what was done in this case by the first uniform order. The only difference here is that the circuit judge disqualified from *all* future Boswell firm cases instead of one particular case.

Having said this, the petitioner's claim for a writ of prohibition appears to have dubious validity because the Seventh Judicial District Circuit Court has jurisdiction over cases involving the Boswell firm in that judicial district regardless of whether the individual circuit judge does. *Lee* v. *McNeil*, 308 Ark. 114, 823 S.W.2d 837 (1992); *Hobson* v. *Cummings*, 259 Ark. 717, 536 S.W.2d 132 (1976). Yet, in the past when a writ of prohibition would not lie in a case, we have considered a writ of certiorari as an alternative remedy. *See, e.g., Bates* v. *McNeil*, 318 Ark. 764, 888 S.W.2d 642 (1994); *Juvenile H.* v. *Crabtree*, 310 Ark. 208, 833 S.W.2d 766 (1992). Certiorari is not appropriate to control a judge's discretion on recusal matters. *Skokos* v. *Gray*, 318 Ark. 571, 886 S.W.2d 618 (1994). But it is a suitable remedy to correct procedures erroneous on the face of the record and where no other adequate remedy exists. *Foreman* v. *State*, 317 Ark. 146, 875 S.W.2d 853 (1994); *Lupo* v. *Lineberger*, 313 Ark.

315, 855 S.W.2d 293 (1993).

I would treat this petition as one for certiorari and address the merits under our general superintending authority. Ark. Const. art. 7, § 4. The issue before us is not recusal but whether an individual circuit judge lost jurisdiction to preside over future cases where the Boswell Law Firm represented a party. An appeal does not represent an adequate remedy because cases involving the Boswell firm are undoubtedly being scheduled in the respondent's court. I respectfully dissent.

ROAF, J., joins.