Roger HAASE *v.* C. Wayne STARNES, M.D.

98-1483                                    987 S.W.2d 704

Supreme Court of Arkansas
Opinion delivered April 8, 1999

*Larry J. Hartsfield*, for appellant.

*The Trammell Law Firm*, by: *Gill A. Rogers*, for appellee.

A NNABELLE CLINTON IMBER, Justice. This is the second appeal in this action for breach of express warranty.[1] The appellant, Mr. Roger Haase, filed a medical malpractice action against Dr. C. Wayne Starnes. Dr. Starnes holds himself out to be a specialist in hair transplant and scalp-reduction surgery. In his complaint, Mr. Haase alleged that Dr. Starnes advertised, "We guarantee you a full, growing head of hair for the rest of your life," and "Transplants guaranteed to grow for the rest of your life." Mr. Haase also alleged that, as a result of his reliance on the advertisements, he contracted with Dr. Starnes to perform a series of hair transplants, grafts, and scalp reductions, and that during the course of the treatments, his scalp became infected, which caused a "permanent scar on his head which is incapable of sustaining transplants." He concluded by alleging that Dr. Starnes breached the "representations and warranties" contained in his advertisements.

On the day of trial, prior to impaneling a jury, Dr. Starnes orally moved to exclude any evidence pertaining to the cost of maintaining artificial hairpieces over the course of Mr. Haase's lifetime, arguing that this evidence was not the proper measure of damages for breach of warranty. The trial court granted the motion in limine and excluded the evidence. Mr. Haase then announced he could not proceed to trial without the excluded evidence and moved for an interlocutory appeal. The trial court granted the motion and entered a judgment dismissing Mr. Haase's cause of action. Citing Mr. Haase's contention that the trial court's evidentiary ruling was dispositive of the case, the judgment stated it was a final judgment pursuant to Ark. R. Civ. P. 54(b).

Although the parties did not raise the nonappealable-order issue, it is well settled that it is our duty to determine that

---

[1] In the first appeal, we held that the trial court erred in granting summary judgment to Dr. Starnes because Ark. Code Ann. § 16-14-206 (1987) does not apply to actions for medical injury based on breach of express warranty where the issue is whether the medical-care provider guaranteed the results. *Haase v. Starnes, M.D.,* 323 Ark. 263, 915 S.W.2d 675 (1996).

this court has jurisdiction. *See Associates Fin. Servs. Co. v. Crawford County Mem. Hosp.*, 297 Ark. 14, 759 S.W.2d 210 (1988). For an order to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *See* Ark. R. App. P.—Civ. 2(a) (listing nine types of judgments, orders, or decrees from which an appeal may be taken); *Doe v. Union Pac. R.R.*, 323 Ark. 237, 914 S.W.2d 312 (1996). Further, Rule 54(b) does not obviate the requirement of finality, but instead merely provides that a judgment which is final as to less than all of the litigants or the claims is subject to appeal in accordance with the conditions recited in the rule. *See* Ark. R. Civ. P. 54(b); *see also John Cheeseman Trucking, Inc. v. Dougan*, 305 Ark. 49, 805 S.W.2d 69 (1991).

We cannot address the arguments raised on appeal because the judgment appealed from, its recitations notwithstanding, is not a final judgment. It merely determines the admissibility of evidence pursuant to a motion in limine prior to trial. Evidentiary rulings are not appealable orders. *See Story v. Hodges*, 272 Ark. 365, 614 S.W.2d 506 (1981). Furthermore, we have held that an order which merely determines liability and defers a determination as to the damages is not final. *See John Cheeseman Trucking, Inc., supra.* In the same vein, we hold that this order, which merely determines the admissibility of evidence and defers a determination as to liability and damages, is not final. To allow an appeal at this point would only invite two more appeals where one would suffice. *Fratesi v. Bond*, 282 Ark. 213, 666 S.W.2d 712 (1984).

Appeal dismissed.