Jerry E. SMITH *v.* Shana Benson Crumley SMITH

97-1165 990 S.W.2d 550

Supreme Court of Arkansas
Opinion delivered May 27, 1999

*Compton, Prewett, Thomas & Hickey, P.A.*, by: *William I. Prewett*, for appellant.

*Ronald L. Griggs*, for appellee.

DONALD L. CORBIN, Justice. Appellant Jerry E. Smith appeals the judgment of the Union County Chancery Court awarding Appellee Shana Benson Crumley Smith custody of the parties' child and ordering Appellant to pay child support in the amount of $390 per week. This case was certified to us from the Arkansas Court of Appeals for resolution of two issues: (1) whether the order appealed from is final, and (2) whether the chancellor abused his discretion in awarding the amount of child support provided in the Family Support Chart. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(1), (5), and (6). We conclude that the order appealed from is not final, and we dismiss.

The record reflects that Jerry and Shana were married on December 2, 1995, and separated in April 1996. Jerry filed for divorce on April 4, 1996. One child, Savana, was born of the marriage on October 30, 1996. Jerry filed a motion requesting blood tests to confirm that he was the child's father. The chancellor granted Jerry's motion during the hearing on January 6, 1997. The divorce decree, entered on March 4, 1997, reflects in pertinent part:

> The plaintiff has requested a blood test to confirm paternity and the parties have agreed that this will be done at the expense of the plaintiff. *Until* the blood test has been completed, Savana is *presumed* to be the child of these parties.
>
> . . . .
>
> The parties are ordered to cooperate in procedures for a blood test to determine the paternity of the child which will be

> at the expense of the plaintiff. The Court retains jurisdiction for appropriate orders if the parties are unable to agree. [Emphasis added.]

The results of the blood tests are not contained in the record, and no subsequent order was entered by the chancellor resolving the issue of paternity. Thus, the first issue we must consider is whether the March 4, 1997 decree is a final, appealable order.

 Rule 2(a)(1) of the Appellate Rules of Procedure — Civil provides that an appeal may be taken from a final judgment or decree entered by the trial court. When the order appealed from is not final, this court will not decide the merits of the appeal. *Arkansas Dep't of Human Servs. v. Lopez*, 302 Ark. 154, 787 S.W.2d 686 (1990). Whether a final judgment, decree, or order exists is a jurisdictional issue that we have the duty to raise, even if the parties do not, in order to avoid piecemeal litigation. *Id.* For a judgment to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Id.* Thus, the order must put the trial court's directive into execution, ending the litigation, or a separable branch of it. *K.W. v. State*, 327 Ark. 205, 937 S.W.2d 658 (1997). Where the order appealed from reflects that further proceedings are pending, which do not involve merely collateral matters, the order is not final. *Id.* This court has consistently recognized that an order directing the parties to obtain blood tests to determine paternity of a child is not a final order. *See Scheland v. Chilldres*, 313 Ark. 165, 852 S.W.2d 791 (1993); *Helton v. Arkansas Dep't of Human Servs.*, 309 Ark. 268, 828 S.W.2d 842 (1992); *Lopez*, 302 Ark. 154, 787 S.W.2d 686.

██ ██ Clearly, the order appealed from here is not final in that it leaves open the issue of the child's paternity. Pending entry of a final order declaring the results of the blood tests and resolving the issue of paternity, this court lacks jurisdiction to hear the appeal. It is of no consequence that both parties have orally stated, during argument before this court and the court of appeals, that Jerry is the child's father, as such statements are not evidence and are merely tantamount to a stipulation or consent to this court's jurisdiction. This court has repeatedly stated that it will not consider matters not contained in the record. *See, e.g., Black v. Van*

*Steenwyk*, 333 Ark. 629, 970 S.W.2d 280 (1998); *Boswell, Tucker & Brewster v. Shirron*, 324 Ark. 276, 921 S.W.2d 580 (1996); *Craig v. Traylor*, 323 Ark. 363, 915 S.W.2d 257 (1996).

■ It is true that the law has created a presumption that a child conceived or born of the marriage is the legitimate child of the parties. *See, e.g., Thomas v. Pacheco*, 293 Ark. 564, 740 S.W.2d 123 (1987). In this case, however, where the issue of paternity was raised in the trial court, that presumption will not suffice to turn an otherwise nonappealable order into a final judgment under Rule 2. In short, because the issue of paternity was raised, it must now be resolved before an appeal may be taken. Accordingly, we must dismiss the appeal.