HAROLD IVES TRUCKING, CO. *v.* PRO
TRANSPORTATION, INC., Larry Cole, Michelle Loggins,
Angel Caratachea, Carl Veteto, Edna Morris, and Jeff Esry

00-623                                    19 S.W.3d 600

Supreme Court of Arkansas
Opinion delivered June 22, 2000

*Nolan Law Firm*, by: *C.D. Nolan, Jr.*, for appellant.

*Janan, Arnold, Davis, Perroni & James*, by: *Samuel A. Perroni* and *Patrick R. James*, for appellees.

PER CURIAM. Arguing that there is no timely notice of appeal in this case, appellees, Pro Transportation, Inc. and Jeff Esry, have filed a Motion to Dismiss Appeal. For the reasons stated below, we grant appellees' motion with regard to the May 12, 2000, notice of appeal from the order awarding attorney's fees. However, we deny appellees' motion with regard to the March 16, 2000, notice of appeal from the order granting summary judgment.

On February 24, 2000, the Pulaski County Circuit Court granted summary judgment in favor of the appellees in this matter, dismissing all of appellant's claims against the appellees and ordering the appellees to submit an affidavit of attorney's fees. Appellant filed its notice of appeal from this order on March 16, 2000, challenging the award of summary judgment and other procedural orders. The trial court then entered an order granting attorney's fees to the appellees on April 5, 2000. Appellant filed its amended notice of appeal on May 12, 2000, adding the order granting attorney's fees to the orders from which appeal is taken.

The appellees argue that this appeal must be dismissed for failure to file a timely appeal from a final order of the trial court. Essentially, the appellees argue that appellant's March 16 notice of appeal did not arise from a final order because the trial court reserved the issue of attorney's fees in its order granting summary judgment. Therefore, according to appellees, the May 12 amended notice of appeal is controlling but untimely, because it was filed more than thirty days following the entry of the trial court's final order on April 5 and the appeal must be dismissed. We disagree.

On March 16, 2000, appellant filed a notice of appeal from the trial court's order granting summary judgment to the appellees. The order granting summary judgment awarded attorney's fees to the appellees but did not set an amount. Rather, the trial court ordered the appellees to submit an affidavit of attorney's fees along with a proposed precedent on the issue of attorney's fees to the court within seven days. The appellees now argue that because of this provision, the order granting summary judgment was not final.

■ Appeal may be taken from a final judgment or decree entered by the trial court. Ark. R. App. P.—Civ. 2. For a judgment to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy; thus, the order must put the trial court's directive into execution, ending the litigation, or a separable branch of it. *Smith v. Smith*, 337 Ark. 583, 990 S.W.2d 550 (1999). Where the order appealed from reflects that further proceedings are pending, which do not involve merely collateral matters, the order is not final. *Id.* The finality of an order is a jurisdictional issue which this court has a duty to address. *Id.*

■■ Matters which are collateral or supplemental to the trial court's judgment are left within the trial court's jurisdiction even though an appeal has been docketed. *Alexander v. First Nat'l Bank of Fort Smith*, 278 Ark. 406, 646 S.W.2d 684 (1983). We have consistently held that the award of attorney's fees is a collateral matter. *Nettleton Sch. Dist. v. Owens*, 329 Ark. 367, 948 S.W.2d 94 (1997); *Marsh & McLennan of Ark. v. Herget*, 321 Ark. 180, 900 S.W.2d 195 (1995); *Pledger v. Bosnick*, 306 Ark. 45, 811 S.W.2d 286 (1991). The February 24 order concluded the rights of the parties to the subject matter at issue. The only issue which remained pending was the amount of the attorney's fees to be awarded to the appellees. Consequently, the February 24 order was final for purposes of appeal, even though the amount of the attorney's fees had not yet been set. Because the February 24 order was final, the notice of appeal from that order filed on March 16, 2000, was timely.

■■ The appellees next argue that the amended notice of appeal filed on May 12, 2000, from the April 5 order granting attorney's fees was not timely filed, and, therefore, appellant's appeal from that order must be dismissed pursuant to Arkansas R. App. P. 4(a), which provides in pertinent part that ". . . a notice of appeal

shall be filed within thirty (30) days from the entry of the judgment, decree or order appealed from. . . ." The failure to file a timely notice of appeal deprives the appellate court of jurisdiction. *Hawkins v. State Farm Fire & Cas. Co.*, 302 Ark. 582, 792 S.W.2d 307 (1990). Clearly, appellant's amended notice of appeal was filed more than thirty days from entry of the trial court's order on attorney's fees. However, on June 2, 2000, appellant filed a motion to extend time for filing notice of appeal pursuant to Ark. R. App. P.—Civ. 4(b)(3):

> Upon a showing of failure to receive notice of the judgment, decree or order from which appeal is sought and a determination that no party would be prejudiced, the trial court may, upon motion filed within 180 days of entry of the judgment, decree, or order, extend the time for filing the notice of appeal for a period of fourteen (14) days from the date of entry of the extension order.

Appellant alleged within its motion that it had no knowledge that the trial court had entered an order until the time for filing a notice of appeal had run. Although the trial court retains jurisdiction to rule on the supplemental matter of appellant's motion for an extension of time to file a notice of appeal from the order awarding attorney's fees, the record in this case does not reflect whether the trial court has ruled on the motion. *See Marsh & McLennan of Ark. v. Herget, supra; Alexander v. First Nat'l Bank of Fort Smith, supra; Sunbelt Exploration v. Stephens Production*, 320 Ark. 298, 896 S.W.2d 867 (1995). Thus, based upon the record now before us, we are unable to conclude whether appellant has filed a timely notice of appeal from the April 5 order awarding attorney's fees. Accordingly, this court lacks jurisdiction over appellant's purported appeal from the trial court's order awarding attorney's fees.

■ In conclusion, we hold that appellant filed a timely notice of appeal from a final order on March 16, 2000. We therefore decline to dismiss this appeal from the February 24 summary judgment order. However, we grant the motion to dismiss appeal from the April 5 attorney's fees order.