FORD MOTOR COMPANY, North Point Ford, Inc. *v.* The Reverend Milton HARPER, Janice Harper, Upper Room Apostolic Church, and Leon Dulemer

01-1286                                        107 S.W.3d 168

Supreme Court of Arkansas
Opinion delivered May 22, 2003

*Wright, Lindsey & Jennings, LLP*, by: *Edwin L. Lowther, Jr., Troy A. Price* and *Jerry J. Sallings*, for appellants.

*David A. Hodges*; and *Crockett Law Firm*, by: *Mike Crockett*, for appellee.

R AY THORNTON, Justice. Ford Motor Company and North Point Ford, Inc. ("Ford"), appeal a pretrial discovery order granting a motion to have certain documents produced. Ford claims that the documents are protected by the attorney-client privilege and the work-product doctrine. Appellees, Milton Harper, Janice Harper, Upper Room Apostolic Church, and Leon Dulemer ("the Harpers") respond that Ford has not adequately explained why the documents are privileged, and the order should be affirmed.

On July 2, 1999, the Harpers filed an action against Ford alleging negligence, strict liability and breach of warranties arising from a vehicle fire that occurred on April 7, 1997. Pursuant to a pre-trial discovery hearing, the trial court ordered Ford to produce for *in camera* review certain documents that Ford argued should be protected by the attorney-client privilege and the work-product doctrine. Following his *in camera* review of the documents, the trial court entered an order directing that certain of the documents be produced. The contested documents were included in a sealed packet, and Ford sought an interlocutory appeal to review the trial court's findings with respect to the question of whether the documents were subject to discovery. It is from the trial court's order to produce the documents that Ford appeals.

A threshold matter in this case is whether this court has jurisdiction to hear an appeal of an interlocutory order concerning a discovery matter. We must first decide the jurisdictional issue before reaching the matter of whether the documents should be protected by the attorney-client privilege and the work-product doctrine.

■ ■ Whether a judgment, decree, or order is final is a jurisdictional issue that this court has a duty to raise, even if the parties do not, in order to avoid piecemeal litigation. Ark. R. App. P.—Civ. 2. Where no final or otherwise appealable order is entered, this court lacks jurisdiction to hear the appeal. *Smith v. Smith*, 337 Ark. 583, 990 S.W.2d 550 (1999); *Hall v. Lunsford*, 292 Ark. 655, 732 S.W.2d 141 (1987). In order for a judgment to be final and appealable, it must dismiss parties from court, discharge them from the action or conclude their rights to the subject matter in the controversy. *Warren v. Kelso*, 339 Ark. 70, 3 S.W.3d 302 (1999).

■ Rule 2(a)(6) of the Arkansas Rules of Appellate Procedure—Civil dictates that for an interlocutory order to be appealable it must be "[a]n interlocutory order by which an injunction is granted, continued, modified, refused, or dissolved, or by which an application to dissolve or modify an injunction is refused[.]" *Id*. The fact that a significant issue may be involved is not sufficient in itself for the appellate court to accept jurisdiction of an interlocutory appeal. *Scheland v. Chilldres*, 313 Ark. 165, 854 S.W.2d 791 (1993).

■ We have made an exception to the Rule 2 requirement that the order be final in cases where the interlocutory order, though not final, had the practical effect of a final ruling on the merits. In *Gipson v. Brown*, 288 Ark. 422, 706 S.W.2d 369 (1986), we reviewed an interlocutory order compelling discovery of a church's financial information. *Id.* We held that the release of financial data was subject to discovery but would not be required until the final ruling was obtained because the information sought was the object of the lawsuit. *Id.* Therefore, to compel discovery in that case would be the equivalent of a ruling on the merits, and the appeal was reviewable. *Id.*

■ The instant case is distinguishable from *Gipson* in that here, the discovery of the documents is not the object of the lawsuit. The motion ordering production of the documents did not have the practical effect of a final ruling on the merits of this case, and is not within the ambit of the exception.

Similar to the instant case, in *Haase v. Starnes*, 337 Ark. 193, 987 S.W.2d 704 (1999), we held that an interlocutory appeal concerning the trial court's determination to exclude evidence in a medical malpractice suit was not reviewable because it "merely determines the admissibility of evidence and defers a determination as to liability and damages." *Id.*

■ Both parties agree that it would require the creation of an exception to Ark. R. App. P.—Civ. 2 to allow this appeal of a ruling on a discovery matter. We hold that this appeal of an interlocutory order concerning a discovery matter is precisely the piecemeal litigation that Rule 2 was intended to prevent and decline to create an exception to the Rule. Because we conclude that we lack jurisdiction to consider an interlocutory appeal of this issue relating to a discovery matter, we do not reach the issue of whether the documents are privileged.

Accordingly, we dismiss this appeal.

GLAZE, J., concurs.

TOM GLAZE, Justice, concurring. It is well settled that a writ of prohibition will not lie unless the trial court is clearly without authority and petitioner is unquestionably entitled to relief. Our court has clearly held that a discovery order is not

the proper subject for this court because the trial court's jurisdiction allows it to decide such discovery issues. *Lupo v. Lineberger*, 313 Ark. 315, 855 S.W.2d 293 (1993). The *Lupo* court further held that a writ of certiorari is a remedy to quash irregular proceedings "but only for errors apparent on the face of the record — not to look beyond the record to ascertain the actions or merits of a controversy or to control or to review [a] finding of facts." *Id.* This court also stated that the petitioner, Dr. Lupo, was not entitled to a writ of certiorari to prevent a trial court from ordering Dr. Lupo to testify at a deposition because a remedy of a protective order was available under Ark. R. Civ. P. 26(c). *Id.*; *see also Farm Service Co-op v. Cummins*, 262 Ark. 810, 561 S.W.2d 317 (1978) (an order for discovery is interlocutory and not appealable, and a writ of prohibition will not lie); *Ark. Motor Coaches v. Taylor*, 234 Ark. 803, 354 S.W.2d 731 (1962) (an order for discovery is interlocutory and not appealable and a writ of prohibition will not lie to review such order); *Ark. State Highway Comm. v. Ponder*, 239 Ark. 744, 393 S.W.2d 870 (1965).

As is readily obvious from the above, this court has long held that discovery issues are matters trial courts have jurisdiction to decide, and they involve interlocutory rulings that are not final and appealable. *See Haase v. Starnes*, 337 Ark. 193, 987 S.W.2d 704 (1999); *see also* Ark. R. App. P.—Civ. 2. In short, discovery issues must be reviewed by this court only when a final order, judgment, or decree is entered. This court has steadfastly followed this approach over the years and have rejected the suggestion to include discovery orders under Rule 2 as an interlocutory order that can be appealed.[1] *Eg.*, *see Farm Service Co-op*, 262 Ark. 810, 561 S.W.2d 317 (1978); *Lupo v. Lineberger, supra*; *Cf. Clark v. Clark*, 319 Ark. 193, 890 S.W.2d 267 (1998).

---

[1] It is noteworthy to mention the case of *Curtis v. Partain*, 272 Ark. 400, 614 S.W.2d 671 (1981), where this court followed the California case of *Oceanwide Union School Dist. v. Superior Court*, 23 Cal. Reptr. 375, 373 P.2d 439 (1962), which used the writ of prohibition procedure to review interim orders in discovery matters. The *Curtis* case, however, was duly criticized and soundly overturned by this court in *Lupo*, 313 Ark. 315, 855 S.W.2d 293. · *See also Duncan v. Cole*, 302 Ark. 60, 786 S.W.2d 587 (1990), and *Ridenhower v. Erwin*, 303 Ark. 647, 799 S.W.2d 535 (1990).