Nakia BAKER *v.*
ARKANSAS DEPARTMENT OF HUMAN SERVICES

99-526                                              12 S.W.3d 200

Supreme Court of Arkansas
Opinion delivered February 17, 2000
[Supplemental opinion on granting of rehearing issued April 27, 2000.]

*Blackmon-Solis & Moak, L.L.P.,* by: *DeeNita Moak,* for appellant.

No response.

PER CURIAM. On July 8, 1998, attorney DeeNita Moak was appointed by the chancery court to represent Appellant Nakia Baker in a termination of parental rights case. The order of appointment specifically required Ms. Moak to represent Appellant through all stages of the proceedings, including the appeal. Appellant's parental rights were ultimately terminated, and that decision was affirmed by this court in *Baker v. Ark. Dep't Human Servs.,* 340 Ark. 42, 8 S.W.3d 499 (1999). During the pendency of this appeal,

Ms. Moak filed a motion for attorney's fees with the chancery court. The chancery court granted her fees for work performed at the trial level, but denied fees for any appellate work performed. Ms. Moak subsequently filed a motion for attorney's fees with this court.

After considering Ms. Moak's motion and supporting affidavit, we hold that Ms. Moak is entitled to payment of attorney's fees for sixty-seven hours of services rendered in connection with this appeal. The number of hours represent the time expended on services essential to the pursuit of this appeal. Such a determination is consistent with the manner we use in awarding reasonable attorney's fees in criminal appellate cases. Because the funds established to pay attorneys for appellate representation are limited, we are required to closely scrutinize the services performed and order payment for only those services that are essential to the appellate process. The rate of compensation is to be $55.00 per hour, which is within the range of payment established by the chancery court for appointed counsel in these types of cases. Furthermore, we hold that Ms. Moak is entitled to reimbursement of $842.49 in costs incurred as a result of her work on this appeal.

Because this court has no funds from which to pay these fees, we remand the matter to the chancery court for payment of fees and costs from the Juvenile Court Representation Fund established in Ark. Code Ann. § 9-27-316 (Supp. 1999). The Fund provides for the payment of attorney's fees and costs pursuant to an appointment to represent an indigent parent in cases where termination of parental rights is sought. We realize that the statute does not specifically authorize payment for appellate representation, but it also does not exclude such payment. Absent any other provisions, we deem the Juvenile Court Representation Fund to be the proper source of payment for these attorney's fees. If this was not the intention of the General Assembly, we invite it to consider an alternative in the next legislative session.

Accordingly, we order the chancery court to pay Ms. Moak attorney's fees in the amount of $3,685.00 and costs of $842.49 from the Juvenile Court Representation Fund. In the event there are insufficient monies in that fund, then Ms. Moak may seek compensation from the Arkansas Claims Commission.

## SUPPLEMENTAL OPINION ON GRANT OF
## REHEARING APRIL 27, 2000

*Blackmon-Solis & Moak, L.L.P.,* by: *DeeNita Moak,* for appellant.

*Mark Pryor,* Att'y Gen., by: *Patricia Van Ausdall,* Ass't Att'y Gen., for appellee.

PER CURIAM. DeeNita Moak, counsel for Appellant Nakia Baker petitions this court for rehearing of our *per curiam* opinion ordering payment of attorney's fees from the Juvenile

Court Representation Fund. *See Baker v. Arkansas Dep't Human Servs.*, 340 Ark. 408, 12 S.W.3d 200 (2000). Ms. Moak asserts in her petition that this court erred in designating payment from that fund pursuant to Ark. Code Ann. § 9-27-316 (Supp. 1999). Specifically, Ms. Moak argues that the fund is not designated for payment of attorney's fees in cases involving the termination of parental rights. We agree.

■ As originally enacted, section 9-27-316 provided that attorneys who represented indigent parents in termination cases were to be paid from the Juvenile Court Representation Fund. The General Assembly, however, made several changes to section 9-27-316 in 1997, including the provision concerning the Juvenile Court Representation Fund. As the section now reads, monies in the Juvenile Court Representation Fund are to be used for payment of attorney's fees only in cases of juvenile delinquency and families in need of services. The section continues to require that counsel be appointed to represent indigent parents in termination cases, but no longer provides a source for payment of such appointed counsel.

■ The failure of the legislature to designate a source for payment does not render Ms. Moak's claim for attorney's fees null, however. Ms. Moak's claim is a claim against the state for services performed on behalf of the state; therefore, the state is responsible for payment of her fees and expenses. *See State v. Post*, 311 Ark. 510, 845 S.W.2d 487 (1993).

■ We find no merit in Ms. Moak's argument that the chancellor has funds available to her to pay the fees in this case, as neither her affidavit nor the supporting exhibits are part of the record in this matter. We have repeatedly stated that we will not consider matters not contained in the record. *See e.g., Smith v. Smith*, 337 Ark. 583, 990 S.W.2d 550 (1999); *Black v. Van Steenwyk*, 333 Ark. 629, 970 S.W.2d 280 (1998); *Boswell, Tucker & Brewster v. Shiron*, 324 Ark. 276, 921 S.W.2d 580 (1996). Accordingly, we grant Ms. Moak's petition for rehearing and reverse only that part of our opinion ordering payment of attorney's fees from the Juvenile Court Representation Fund.