Chrisshannon WALTERS *v.* ARKANSAS DEPARTMENT
of HUMAN SERVICES

CA 02-1227                                   118 S.W.3d 134

Court of Appeals of Arkansas
En Banc
Opinion delivered September 10, 2003

*DeeNita D. Moak*, for appellant.

No response.

PER CURIAM. On September 28, 2001, attorney DeeNita
Moak was appointed by the Eighth Division Circuit Court
of Pulaski County to represent appellant Chrisshannon Walters in a
dependency/neglect case. Ms. Moak represented appellant through-
out the trial court proceedings, and after the trial court entered an
order terminating appellant's parental rights on July 29, 2002, Ms.
Moak continued to represent appellant on appeal. This court affirmed
the trial court's decision terminating appellant's parental rights in
*Walters v. Arkansas Department of Human Services*, 77 Ark. App. 191,
72 S.W.3d 533 (2002). Before us now is Ms. Moak's motion for

costs and an attorney's fee for her work performed on appellant's appeal. We have reviewed Ms. Moak's motion and hold that she is entitled to payment of an attorney's fee and the reasonable costs she incurred for her services rendered in connection with this appeal.

In *Baker v. Arkansas Department of Human Services*, 340 Ark. 408, 12 S.W.3d 200 (2000), the supreme court approved $55.00 per hour as the rate of compensation for appointed attorneys performing appellate work in parental-termination cases. The supreme court also held that the appellant's appointed counsel was entitled to reimbursement for reasonable costs incurred on appeal. Although in *Baker, supra,* the supreme court awarded an attorney's fee and costs to the appellant's attorney, the supreme court also declared that it had no funds from which to pay the appellant's counsel's fee and costs and ordered the trial court to pay the awarded fee and costs from the Juvenile Court Representation Fund, established in Ark. Code Ann. section 9-27-316 (Supp. 1999), and further held that, if there were insufficient monies in the Juvenile Court Representation Fund, the appellant's counsel could seek compensation from the Arkansas Claims Commission. Shortly thereafter, however, the supreme court granted the appellant's counsel's petition for rehearing in which she argued that the Juvenile Court Representation Fund was not designated for payment of attorneys' fees in cases involving the termination of parental rights. The supreme court agreed that the fund did not provide a source for payment of appointed counsel in termination cases and reversed the portion of its original opinion ordering payment of attorney's fees from the Juvenile Court Representation Fund. *Baker v. Arkansas Dept. of Human Services*, 340 Ark. 409-A, 16 S.W.3d 530 (2000) (supplemental opinion granting rehearing). In doing so, the supreme court reiterated its position that the failure of the legislature to designate a source for payment did not render the appellant's counsel's claim for an attorney's fee null, that her claim is a claim against the state for services performed on behalf of the state, and that the state is responsible for payment of her fee and expenses.

The General Assembly amended section 9-27-316 in Act 987 of 2001 to include payment for appointed counsel in termination cases from the Juvenile Court Representation Fund; however, it specified that the Juvenile Court Representation Fund be used to provide counsel for indigent parents or guardians at the "*trial* level...." Ark. Code Ann. § 9-27-316(h)(2) and (3) (Repl.

2002) (emphasis added). Thus, the Juvenile Court Representation Fund is not available for payment of appointed attorneys' fees and costs for work performed on appeal.

 Because the Court of Appeals has not been appropriated any funds by the General Assembly for payment of attorneys' fees in dependency/neglect appeals, Ms. Moak will have to submit her request for fee and costs to the Arkansas State Claims Commission for payment. Accordingly, we hold that Ms. Moak is entitled to a reasonable attorney's fee and costs in an amount to be determined by the Arkansas State Claims Commission.