Willie MENZIES *v.*
ARKANSAS DEPARTMENT of HUMAN SERVICES

CA 03-1237

Court of Appeals of Arkansas
Opinion delivered September 20, 2006

*DeeNita D. Moak*, for appellant.

No response.

PER CURIAM. Appellant Willie Menzies appealed to this court from an order terminating his parental rights entered by the Sixth Division Circuit Court of Jefferson County, Arkansas, and counsel was appointed to represent him. We affirmed the decision of the trial court.

Appellant's counsel now moves for an award of attorney's fees of $3,585.00 and expenses of $1,724.92. The expenses sought by counsel include $907.50 attributable to abstracting costs. We grant attorney's fees to counsel for appellant in the amount of $1,400.00 and costs of $500.00.

IT IS SO ORDERED.

GRIFFEN, J., concurs.

PITTMAN, C.J., HART, ROBBINS, BIRD, and GLOVER, JJ., dissent.

WENDELL L. GRIFFEN, Judge, concurring. Appellate counsel DeeNita Moak filed a motion for attorney's fees

and costs for her appellate representation of appellant Willie Menzies in this termination of parental rights/dependency-neglect case. Counsel requests $3585 in attorney's fees and $1724 in costs, including $907.50 for the cost of abstracting. This court agreed to award counsel $1400 for attorney's fees and $500 for costs, the maximum fees and costs that we award for appellate attorney's fees and costs in this type of civil case.

I agree with the court's award of fees and costs, but write separately to explain why counsel's request for greater fees and costs was rejected. Counsel correctly asserts that it is an unconstitutional taking of personal property, in this case, counsel's services, for a court to appoint counsel and then to refuse to pay reasonable compensation for those services. *See, e.g., Baker v. Ark. Dep't of Human Servs.*, 340 Ark. 42, 8 S.W.3d 499 (2000) (regarding representation at the trial level for termination cases); *Arnold v. Kemp*, 306 Ark. 294, 813 S.W.2d 770 (1991) (regarding representation in criminal trials). She also correctly observes that in 2003, in a case in which she also served as appellate counsel, this court ordered that the Arkansas Claims Commission (Claims Commission) should determine the amount of attorney's fees to be paid in dependency-neglect appeals because the Arkansas General Assembly had not appropriated any money for payment of attorney's fees and costs for work performed on appeal in civil cases. *See Walters v. Ark. Dep't of Human, Servs.*, 83 Ark. App. 85, 118 S.W.3d 134 (2003). Further in 2003, the Arkansas Claims Commission determined in another case involving counsel that $75 per hour was a reasonable attorney's fee for dependency-neglect appeals. *See Moak v. Arkansas*, Claim No. 04-0359. This represented an increase from the previously determined rate of $55 per hour.

Counsel maintains that in reliance on the Claims Commission's decision in her previous case, she accepted the appointment for the instant appeal based on what she terms the "historical fact that payment would be made at the rate of $75 per hour and that expenses would be reimbursed in accordance with Arkansas case law and the previous rulings of the Claims Commission." She insists that she would not have accepted the appointment in this case had she known that her payment would be retroactively modified and decreased to a flat-fee payment, and that it is unjust to dramatically reduce payment after the work has been performed when she had an expectation of reasonable compensation. Thus, she argues that she should be awarded fees at the rate of $75 per hour, or alternatively, $55 per hour, and asserts that any lesser

payment is an unconstitutional taking of her services because trial attorneys are typically paid $75 per hour for their services.

Counsel's arguments are unpersuasive for several reasons. First, her reliance argument fails because we are not bound in any manner by the Claims Commission's determination of what constitutes a reasonable attorney's fee, either generally, or in a specific prior case concerning counsel. It is true that in *Walters, supra,* we determined that claims for attorney's fees must be submitted to the Claims Commission because this court had not been appropriated any money by the Arkansas General Assembly for payment of attorney's fees in dependency-neglect appeals. However, the Arkansas General Assembly in 2005 appropriated money to this court for the award of attorney's fees in such cases decided by this court during the 2005-2007 biennium. *See* 2005 Ark. Acts 99. Thus, it is for this court, not the Claims Commission, to determine what constitutes reasonable attorney's fees and costs in cases before this court.

Second, while we are sensitive to the need to adequately compensate attorneys for their services, we are guided by the precedent that attorney's fees and costs in criminal cases, which are generally more complex than termination cases, are similarly limited. In fact, we have awarded a lesser attorney's fee on appeal in a termination, case than counsel will receive in this case. *See Cobbs v. Ark. Dep't of Human Servs.*, 87 Ark. App. 274, 190 S.W.3d 274 (2004) (awarding appellate attorney's fees of $1,200 in a termination case).

Third, counsel is mistaken in asserting that the fee she paid to outsource the abstracting of the record in this case is a "cost" that is to be awarded in addition to the cost of printing the record, copying the briefs, and postage. Brief costs are limited by rule to $3.00 per page, not to exceed $500. *See* Ark. Sup. Ct. R. 6-7(a)(b). Separate costs for abstracting are awarded only to an appellee to reimburse appellee's counsel for the cost of submitting a supplemental abstract or addendum. *See* Ark. Sup. Ct. R. 4-2(9)(b)(1). Counsel is not requesting such reimbursement in this case.

Fourth, we are mindful that the appointment of counsel for indigents is no longer coercive as in the past, where any attorney who happened to be present when a case was called could be pressed into service. Now the acceptance of an indigent client is the attorney's choice, that is, an ethical obligation that attorneys are encouraged to accept. *See* Arkansas Rule of Professional Conduct 6.1.

Finally, while the Arkansas Supreme Court adopted new Arkansas Supreme Court Rules 6-9 and 6-10, which govern appeals in dependency-neglect cases, these new rules do not apply to the instant case. Rule 6-10, in particular, addresses motions for attorney's fees. However, these rules did not take effect until July 1, 2006, well after December 14, 2005, the date the mandate in this case was handed down. *See Per Curiam* Opinion issued May 18, 2006. Accordingly, the new rules in no way affect our determination of attorney's fees and costs in the instant case.

JOHN MAUZY PITTMAN, Chief Judge, dissenting. I disagree with the court's decision to award a flat fee of $1400 in termination-of-parental-rights cases. I would award an attorney's fee that took into consideration factors such as the hours reasonably claimed, the difficulty of the case, and the attorney's skill.

I respectfully dissent.

JOHN B. ROBBINS, Judge, dissenting. I disagree with the majority's action today because this motion should be decided by our supreme court. The movant vigorously advances an argument that to compensate her with a flat fee award, as the majority has done, is a violation of due process pursuant to Ark. Const., art. 2, §§ 8 & 22, and equal protection of the laws pursuant to Ark. Const., art. 2, § 3. Arkansas Supreme Court Rule 1-2(a)(1), excepts from our jurisdiction and reserves to the supreme court all appeals involving the interpretation or construction of the Constitution of Arkansas. While movant's request for an award of an attorney's fee is technically not an appeal, but rather a request for compensation for legal services rendered the appellant in an appeal before our court, it nevertheless requires a decision addressing the construction of the Arkansas Constitution. Consequently, we should comply with the spirit of Rule 1-2 and defer to the supreme court by certifying this motion.

HART, BIRD and GLOVER, JJ., join in this dissent.