Shanie Furrow PEREZ *v.* Craig FURROW

CA 05-1253

237 S.W.3d 109

Court of Appeals of Arkansas

Opinion delivered June 14, 2006

[Rehearing denied July 26, 2006.]

---

*Rice & Adams,* by: *Scott A. Scholl,* for appellant.

*Hicks & Associates, P.A.,* by: *Carol Ann Hicks,* for appellee.

JOHN MAUZY PITTMAN, Chief Judge. The parties were divorced by a decree entered in April 2003. That decree awarded custody of the parties' children to appellant. Subsequently, appellee moved for a change of custody based largely on alleged interference with visitation. After a July 7, 2005, hearing, the trial court granted the motion and awarded custody of the children to appellee, set minimal temporary child support pending more information regarding appellant's employment, and stated that visitation provisions and a final support award would be made in a subsequent order. On appeal, appellant argues that the order changing custody is not supported by the evidence and unfairly punishes her. Although neither party raised a jurisdictional issue based on the timeliness of the appeal, it is our duty to determine whether this court has jurisdiction. *Haase v. Starnes,* 337 Ark. 193, 987 S.W.2d 704 (1999). We must dismiss this appeal because appellant failed to properly invoke our jurisdiction by filing a timely notice of appeal.

Appellant attempted to appeal from a written order changing custody entered July 7, 2005, that expressly directed the parties' attorneys to "work out the details of the visitation" for

inclusion in a subsequent order. She did so by filing a notice of appeal on August 16, 2005, from the "Order, as supplemented, awarding custody" to appellee. Rule 2(d) of the Arkansas Rules of Appellate Procedure – Civil permits an appeal from any order that is final as to the issue of custody, regardless of whether the order resolves all other issues. Therefore, appellant could have appealed directly from the July 7 order under Rule 2(d) because it was final as to the award of custody. *Ford v. Ford*, 347 Ark. 485, 65 S.W.3d 432 (2002). However, appellant's notice of appeal, filed more than thirty days after the order changing custody, was untimely as to that order. *See* Ark. R. App. P. – Civ. 4(a).

■ Although the July 7 order was a final award of custody, it was only an intermediate order inasmuch as it did not dispose of all other issues in the case. Therefore, appellant also had the option to seek review of the custody issue by taking an appeal from a subsequent order, entered on November 2, 2005, in which the court decided visitation questions and finally set appellant's child-support obligation. *Ford v. Ford, supra.* However, appellant filed no notice of appeal from the November 2 order. Furthermore, while it is true that a notice of appeal filed after the circuit court *announces a decision* but before the entry of the order is treated as having been filed on the day the order was entered pursuant to Ark. R. App. P. – Civ. 4(a), the circuit court did *not* announce its decision on the visitation issue or its final decision on child support either at the hearing or in its July 7 order, but instead reserved judgment. Because no decision on all of the issues was announced until the order of November 2, from which appellant filed no notice of appeal, and because the notice of appeal filed on August 16 was untimely as to the July 7 order, our jurisdiction has not been invoked, and we must therefore dismiss this appeal.

Appeal dismissed.

HART and GRIFFEN, JJ., agree.