SLIP OPINION

Cite as 2017 Ark. App. 136

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-16-846

| | | |
|---|---|---|
| TRACY FRENCH | | **Opinion Delivered:** March 8, 2017 |
| | APPELLANT | |
| | | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CV-16-148] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE EDDY ROGER EASLEY, JUDGE |
| | APPELLEE | |
| | | DISMISSED |

## BART F. VIRDEN, Judge

The Hot Spring County Circuit Court entered an order denying appellant Tracy French's pro se "Writ for Sterilization" and finding that his action failed to state a claim upon which relief could be granted and thus constituted a strike pursuant to Ark. Code Ann. § 16-68-607.[1] We dismiss for lack of jurisdiction.

---

[1]Section 16-68-607 provides,

> In no event shall an incarcerated person bring a civil action or appeal a judgment in a civil action or proceeding under the Arkansas indigency statutes if the incarcerated person has on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the incarcerated person is under imminent danger of serious physical injury.

SLIP OPINION

I.  *Procedural History*

On June 24, 2016, French filed a "Writ for Sterilization" with an attached affidavit stating that he was "requesting for [the Hot Spring County Circuit Court] to surgically sterilize me for the crime of rape that I committed. . . . I personally feel this would be the best remedy for my wrong doing. . . . In exchange for sterilization I respectfully request for release upon completion of said medical procedure."

The following response was filed on June 29, 2016: "The State could not care less whether the Petitioner is castrated or sterilized as long as it is done by private physicians and hospitals at no expense to the State or Federal government." The State objected to the trial court's having anything to do with the procedure and to any early release of the petitioner.

In reply, French asserted that voluntary sterilization is a method for controlling a sex offender's irresistible urges to reoffend and allows him to be released without endangering the public. He also stated that

> [t]his circuit Court has jurisdiction to grant castration of a convicted sex offender for a reduction of sentence for a suspended imposition of sentence, suspended sentence or probation. Castration has been used as a plea agreement for a sentence reduction in this state before and those same tenets should be applied to an incarcerated convicted sex offender pursuant to Ark. Code Ann. § 20-49-101 *et seq.* and the petitioner is requesting a Hearing for Sterilization pursuant to Ark. Code Ann. § 20-49-204.

French attached as exhibits proposed legislation for the 2017 session of the General Assembly, drafted by him, entitled "Sterilization by Orchiectomy for Certain Sex Offenders" and "Study Rate of Recidivism of Sterilization by Orchiectomy."

On August 18, 2016, the trial court denied French's request for relief. French had filed a notice of appeal on August 9, 2016.

On appeal to this court, French does not contend that the trial court erred in denying his request nor does he challenge the trial court's issuance of a strike for filing the civil action. French's only discernible argument is as follows:

> Petitioner seeks relief from his (30) thirty year sentence, through castration for release having served (10) ten years, with remainder of sentence suspended, reinstated at (100%) one hundred percent, for any new in state felony conviction, per appeal brief as facts set out. So petitioner may return to Iowa.

The authority French relies on are statutes under the chapter entitled "Sterilization of Mental Incompetents," yet he does not allege that he is mentally incompetent.[2] He cites only one Arkansas case, *American Civil Liberties Union of Arkansas v. State*, 339 Ark. 314, 5 S.W.3d 418 (1999), and it is readily distinguishable.[3] Beyond simply asserting that the trial court has jurisdiction to grant the relief, French does not explain how the trial court could have modified his sentence, which was put into execution ten years ago.[4] We decline to reach the merits of French's argument because there is a more fundamental problem in that this court lacks jurisdiction to hear his appeal.

---

[2]*See Smith v. May*, 2013 Ark. 248 ("We have repeatedly declined to address arguments, even constitutional arguments, that are not supported by citation to legal authority or convincing argument, and we will not address an appellant's arguments when it is not apparent without further research that the argument is well taken.").

[3]*Id.* (affirming without reaching the merits of the trial court's decision that the ACLU had no standing to intervene in case where defendant sought castration during plea negotiations).

[4]*See Renshaw v. Norris*, 337 Ark. 494, 989 S.W.2d 515 (1999) (Once a valid sentence has been put into execution, the trial court is without jurisdiction to modify, amend, or revise it.).

## II.    *Jurisdiction*

Although neither party raised a jurisdictional issue based on the timeliness of the appeal, it is our duty to determine whether this court has jurisdiction. *Perez v. Furrow*, 95 Ark. App. 333, 237 S.W.3d 109 (2006). Generally, a notice of appeal shall be filed within thirty days from the entry of the judgment, decree, or order from which an appeal is taken. Ark. R. App. P.–Civ. 4(a). A notice of appeal filed *after the circuit court announces a decision* but before the entry of the judgment, decree, or order shall be treated as filed on the day after the judgment, decree, or order is entered. Ark. R. App. P.–Civ. 4(a). (Emphasis added.)

French did not file a notice of appeal within thirty days from August 18, 2016, when the order denying his request for relief was entered. Although French designated the entire record, including all proceedings, there is no hearing transcript in the record. Also, the trial court's order indicates that its decision was rendered "upon review of all the pleadings," which suggests that no hearing was held. Without a record to demonstrate when, or if, the trial court announced its decision, we cannot treat French's notice of appeal as having been filed the day after the order was entered. We therefore dismiss the appeal for lack of jurisdiction. *See, e.g.*, *Jewell v. Moser*, 2012 Ark. 267; *Hernandez v. Hernandez*, 371 Ark. 323, 265 S.W.3d 746 (2007).

Dismissed.

ABRAMSON and GLADWIN, JJ., agree.

*Tracy French*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.